AMANDELL BARBOUR *vs.* NOAH R. MARTIN.

*Evidence.*

A physician who leaves a patient, at a critical stage of the disease, without reason, or sufficient notice to enable the party to procure another medical attendant, is guilty of a culpable dereliction of duty; hence, it cannot be said, in an action against a physician for such alleged misconduct, that a conversation between the patient and a third person, which tended to show the former's ignorance of the doctor's absence from town, is so irrelevant as to make it immaterial whether the exclusion of part of that conversation was proper or improper.

Where a witness, called by the defence, relates a portion of a conversation, stating that he heard no more because he then left the room, the plaintiff cannot properly be prevented from introducing other witnesses to prove the whole conversation, including that which occurred after, as well as before, the first witness left the room.

ON EXCEPTIONS to the ruling of the justice of the superior court.

CASE, brought by an administrator to recover damages of a physician for malpractice in a case of obstetrics. The plaintiff

alleged as one of the grounds of action that the defendant left the intestate on Tuesday, while she was sick, and went to Bangor, where he remained three days, during which time, viz., Wednesday night, she was delivered of a child, being attended by other physicians, and died.

The plaintiff asserted that Dr. Martin did not inform the deceased of his intended absence, nor did any of her family have any idea that he had left town ; but this was denied by him, he alleging that he told her he was going, and that she must get another physician, if she had occasion for the services of one during his absence. He called to the stand a Mrs. Graffam, who stated that when the deceased was taken so much sicker, and her husband went for the doctor, the lady said she had rather have Dr. Martin because she had had him once ; that she heard nothing said about his being away, but added: "I was not in the room much, for I had the little girl to take care of." The plaintiff then called the husband, and proposed to prove the whole conversation that then passed between him and his wife ; to this the defendant objected, and the presiding judge excluded so much of it as occurred in the absence of Mrs. Graffam. The verdict being against him, the plaintiff excepted to this ruling.

*Thos. B. Reed,* for the plaintiff.

After the defence had elicited part of a conversation, we were entitled to the rest. The Queen's case, 2 Brod. & Bing., 298 ; *Clark v. Smith,* 10 Conn., 1 ; *Commonwealth v. Clark,* 14 Gray, 373 ; *Commonwealth v. Goddard,* Id., 403-4 ; *Sherwood v. Titman,* 55 Penn. St. R., 77. In this last case it was held admissible as independent testimony. One version of a conversation having been given, why could we not call any number of other persons who heard it, to state their recollection of it. It is immaterial that it was a fact we could not have originally introduced ; after the defence had made it part of the case, we were entitled to have it presented as it really was. They could not select one witness and claim that her particular version only should be admitted.

Barbour v. Martin.

*Butler & Fessendens*, for the defendant.

The statement made by Mrs. Graffam does not partake of the ordinary nature of the recital of a conversation, or of part of one. In answer to a general question, so put as to avoid its being leading, she repeated a remark she once heard the intestate make, not called for by us, and entirely immaterial and irrelevant. Upon the subject of Dr. Martin's going away—the material point—she testified she heard nothing said. The inquiry as to what she heard must have had reference to a time when she was present; therefore the limitation imposed by the court, was proper and necessary.

The finding of the judge that the excluded testimony was not part of the conversation inquired about of Mrs. Graffam, and did not relate to the same subject matter, is a determination of a preliminary question, upon which his decision is final and not open to exception. *Gorton v. Hadsell*, 9 Cush., 511; *Lake v. Clark*, 97 Mass., 349.

The excluded testimony was so immaterial and irrelevant that the plaintiff could not have been injured or aggrieved by its exclusion. *Webster v. Calden*, 55 Maine, 165, and 56 Maine, 204. As it is not stated what further the husband would have said relative to the conversation, and there was no offer to prove any specific matter, we cannot presume that what he retained in his own breast, was so material to the issue that the plaintiff was aggrieved by its suppression. *State v. Bartlett*, 55 Maine, 200, 214.

There was no evidence that the doctor ever engaged to attend the deceased during her sickness, or for any length of time, or that he would remain at home subject to her call, regardless of all other engagements. She could dismiss him at any time, and he could, at any time, decline to attend further. Hence, there is no foundation for the action, and, of course, none for the exceptions, which become entirely immaterial.

DANFORTH, J. From the exceptions in this case, it appears that one of the causes of complaint against the defendant, is an alleged abandonment of his patient without notice, while the attention of

Barbour v. Martin.

a physician was still necessary. It does not appear that he undertook to attend through the sickness, or for any specified time. It may be conceded then, that he might leave his patient at any time he might choose to do so, that choice being governed by the circumstances of the case, and exercised in a reasonable manner. When a physician is called to a patient and attends, nothing being said as to the time, it would certainly be a dereliction of duty to leave that patient in the midst of a critical sickness without cause, or without sufficient notice to enable the party to procure other suitable medical attendance. Hence it became a matter of some importance, to ascertain whether the plaintiff's intestate had knowledge of the defendant's absence from town. With this view a witness is asked what she (the deceased,) said about the defendant at a time named, and whether anything was said about his being away. The answer to the first question, that she had rather have Dr. Martin, for she had had him once, taken in connection with the fact that her husband was about going for him, would imply, perhaps, a hope that she might obtain his attendance, but certainly a doubt as to whether she should succeed. From this doubt, the jury might well infer a knowledge of his absence, as also from the remark that she had once had him, that any prior engagement had been rescinded, and from the second answer, that nothing was said about his being away, that she had no complaint to make of that condition of things. It cannot be said then, that the testimony was immaterial. The remaining part of the conversation, as testified to, by the husband, very materially modifies what had been previously said, or unsaid. The plaintiff was therefore entitled to it, even though it might be proved by another witness. The fact that one witness may not have heard all the conversation, or may have forgotten a portion of what he did hear, does not deprive the party of his right to the whole, if the whole can be proved. When a part or all of a conversation has been proved, we are not aware of any principle of law that will prevent any number of witnesses who may have heard it, from giving each his own recollection of it. It is sufficient that it is the same conversation, and relates to the same subject matter.

It is undoubtedly true, as contended in the argument, that when the admissibility of evidence depends upon the decision of some preliminary fact by the presiding judge, his finding is conclusive. But how does that affect this case ? It does not appear from the exceptions that any such decision·was made.   On the other hand, it was expressly stated, that any conversation in the absence of Mrs. Graffam would be excluded.   The only inference which we can draw from this is, that the exclusion was not on the ground that it was a different conversation, or related to another subject, but because Mrs. Graffam did not hear, and could not testify to it ; which, as we have already seen, was an incorrect ruling.

*Exceptions sustained.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and VIRGIN, JJ., concurred.