(*a.*) That one of two joint owners permitted a party wall to be erected with certain windows left open in it, was not alone sufficient to show that he licensed the wrongful use of such windows to his injury, or estop him from seeking to remove or restrain such wrong and damage.

February 2, 1884.

Lowe, trustee, *vs.* Holbrook, trustee.

Nuisance. Trespass. Damages. Injunction. Before Judge HAMMOND. Fulton County. At Chambers. August 28, 1883.

Holbrook, trustee, filed his bill against Lowe, trustee, alleging, in brief, as follows: Complainant and defendant are owners of adjoining lots, on which are houses which were built two stories high, with a party wall between them. Afterwards, defendant added another story to his building, making it three stories high, and resting the wall partly on his side and partly on complainant's. This was done voluntarily by him, and he cut several windows in the wall, overlooking the roof of complainant's store. From these, filth, trash and refuse matter were constantly thrown on complainant's roof, corroding the tin with which it was covered, stopping the gutters, and causing damages to his tenants, to which complainant is compelled to respond, and injuring the value of his property. Complainant notified defendant to close these windows and cease the use of them, and upon this being refused, he erected, in front of them, on his own side, a wooden wall or fence covered on one side with tin as a protection against such nuisances, and also against the danger of fire which is greatly increased by the windows. Defendant is proceeding to cut down this obstruction or wall. The damages are of constant and repeated occurrence, and cannot be estimated in one suit, but will require a multiplicity of suits. The prayer was for an injunction to prevent interference with the wall erected by him, and with his premises.

Defendant's answer set up that he had erected the wall and left the windows with the knowledge of complainant, and without objection from him; that he had arranged the whole interior of his building with reference to the light and ventilation so afforded: that it would cost about $500.00 to alter this arrangement, that he had offered to put grates on his windows so as to prevent the throwing of trash, etc., on complainant's roof, but complainant had,

Lowe, trustee, *vs.* Holbrook, trustee.

at night or early in the morning, put up a plank wall or obstruction covered with tin, which rested on his roof and leaned against the higher wall; that this was done to annoy defendant; that he knows nothing of any damage to complainant; that complainant was estopped from complaining of defendant's windows; and that if they could now be closed up, complainant should be required to pay for half the wall and also the expense caused to defendant by the necessity of re-arranging the interior of his building.

On the hearing, the injunction was granted, and defendant excepted.

W. I. HEYWARD; J. B. REDWINE, for plaintiff in error.

JULIUS L. BROWN; W. D. ELLIS, by brief, for defendant.

HALL, Justice.

The jurisdiction of equity to arrest a nuisance about to be erected or commenced, is unquestionable, whenever it will be irreparable in damages, and the consequences resulting therefrom are not merely possible, but to a reasonable degree certain. Code, §3002.

The unauthorized use of the premises of another, in putting trash, filth and garbage upon the same, in such a manner as to interfere constantly with their reasonable and unimpeded use by the owner and to occasion him hurt, annoyance and damage, in addition to being a nuisance, is a continuing trespass, which may be irreparable in damages, and whether the wrong doer is insolvent or not, these repeated acts may give rise to a multiplicity of suits and occasion circuity of action; and to avoid these consequences a court of equity may interpose by injunction. Apart from these instances, other circumstances may exist, which, in the discretion of the court, will render a resort to this remedial process proper. Code, §3219.

The erection of the party wall in this instance, and the windows left open in it, are not complained of as nuisances

or trespasses *per se.* It is the use, or rather the abuse, of these openings that is objected to.

It is hardly conceivable, that the complainant, by allowing this wall to go up, with the windows in it, could have licensed their use so as to obstruct his gutters and cause his roof to leak, to the injury and damage of the goods stored in his building, and the annoyance and hurt of his tenants. It would require very clear proof to lead us to this conclusion and to authorize the application of the doctrine of equitable estoppel, to prevent the removal or restraint of such wrong and damage, if indeed any thing would justify it, as it was contended by plaintiff in error should be done. We perceive nothing in the facts of this case that will raise even a slight presumption that the defendant in error ever sanctioned or allowed the plaintiff in error to use the premises in any such way.

The judge of the superior court, so far from abusing his discretion in ordering this temporary injunction, has exercised it wisely and properly. The case should go to a jury, that the various questions of law and fact involved may be passed upon and settled, upon a full hearing, with all testimony before the court, and when the relief, if the complainant in the bill should be found entitled thereto, may be properly adjusted and framed, so as to suppress the mischief with as little hurt and inconvenience to either of the parties as may be found essential to that end.

Judgment affirmed.