## WOODALL v. CARTERSVILLE MINING AND MANGANESE COMPANY.

Where at an interlocutory hearing, upon an equitable petition to enjoin an alleged unlawful appropriation and pollution of the water of an unnavigable running stream, the judge, upon conflicting evidence, was of the opinion that there should be an injunction, the same ought to have been granted without qualification, when the evidence showed that the damages, if any, which the plaintiff might suffer, would be incapable of ready computation and ascertainment. In such a case a bond by the defendant would not afford adequate protection to the plaintiff.

Argued February 18,—Decided April 12, 1898.

Petition for injunction. Before Judge Fite. Bartow county. December 24, 1897.

*John W. Akin*, for plaintiff. *J. W. Harris*, for defendant.

FISH, J. Mrs. Woodall brought her petition against the Cartersville Mining & Manganese Co., to enjoin the defendant from interfering with her use and enjoyment of a certain stream of water flowing upon her land, and from using the water so as to pollute it, and from pumping the water away from the stream and diminishing its flow upon her land. She also prayed for damages and general relief. At the interlocutory hearing the judge, after hearing evidence, ordered that the defendant give bond with good security, within ten days, in the amount of two hundred dollars, payable to the plaintiff, this bond to be approved by the court, and upon the giving of the bond, that the injunction be refused; but upon a failure to give the bond, that the injunction be granted as prayed. To this order the plaintiff excepted, alleging that the court erred in refusing to grant the injunction and restraining order prayed, and in

permitting the bond to be given in avoidance of the restraining order. Plaintiff excepted also to the amount of the bond, alleging that the court erred in not requiring a larger bond.

The evidence submitted to the judge at the interlocutory hearing was conflicting; but, from the order granted, he was evidently of opinion that there should be an injunction. He endeavored to protect the rights of both parties, by requiring the defendant to give bond, conditioned to pay the plaintiff such damages as she might recover in the action, and upon failure of defendant to give such bond, then it be enjoined as prayed. Such an order would have been eminently proper if it had been sufficient to fully protect the plaintiff's rights. We think, however, that the evidence showed that the damages, if any, which the plaintiff might suffer by being deprived of the use of the water for family, domestic, and farming purposes, would be irreparable in their nature, because incapable of ready computation and ascertainment, and that therefore the bond did not afford her adequate protection. As the judge was of the opinion that an injunction was proper, he should, for the reasons above given, have granted the same without qualification. It is unnecessary to deal with the questions relating to the evidence, for the reason that the judgment now rendered disposes of the case so far as relates to the interlocutory injunction.

*Judgment affirmed, with direction. All the Justices concurring, except Cobb, J., absent.*