CAIRO PICKLE COMPANY *et al. v.* MUGGRIDGE *et al.*

No. 16838. OCTOBER 12, 1949.

*Cain & Smith,* for plaintiffs in error.

*Louis H. Foster,* contra.

WYATT, Justice. 1. "Running water, while on land, belongs to the owner of the land, but he has no right to divert it from the usual channel, nor may he so use or adulterate it as to interfere with the enjoyment of it by the next owner." Code, § 85-1301.

The owner of land is entitled to the use of water of a non-navigable stream flowing through his land. Several lower riparian landowners have such a community of interest that they may join in a petition to restrain an upper proprietor or stranger from adulterating the water. See *Horton* v. *Fulton,* 130 *Ga.* 466 (60 S. E. 1059); *Woodall* v. *Cartersville Mining & Manganese Co.,* 104 *Ga.* 156 (30 S. E. 665); *Lowe* v. *Holbrook,* 71 *Ga.* 563.

Injuring "a fishing privilege," or rendering land less valuable for pasture purposes, by polluting the water of a non-navigable stream, gives rise to a cause of action. *Hodges* v. *Pine Product Co.,* 135 *Ga.* 134 (68 S. E. 1107). Injunction will lie to prevent continuing trespasses. *Burns* v. *Hale,* 162 *Ga.* 336 (133 S. E. 857), and cit.

"Large discretion is vested in the chancellor in granting injunctions and appointing receivers, and unless some principle of substantial equity has been violated, this court will not control his discretion in such interlocutory orders unless clearly abused." *Jones* v. *Johnson,* 60 *Ga.* 261 (3).

Applying the above principles of law, we can not say that the trial judge abused his discretion in granting a temporary injunction, for any of the reasons assigned.

*Judgment affirmed. All the Justices concur.*