Under the pleadings and the evidence in this case, the trial judge did not abuse his discretion in granting a temporary injunction.
 No. 16838. OCTOBER 12, 1949.
A petition for temporary and permanent injunction was filed by the defendants in error against the plaintiffs in error, alleging that Cairo Pickle Company was using a sewer line from its plant to Little Tired Creek, into which it was discharging the waste water from its plant; and that this waste water contained salt, parts of vegetables, worms, and other matters, all of which endangered the health of the defendants in error, as well as destroyed the fishing rights and pasture purposes in and along said creek. A temporary injunction was sought, to enjoin the defendants from allowing the waste water from the plant to flow into the creek. It was alleged in the petition that the conditions complained of occurred during dry seasons when the water in the creek was low.
On the interlocutory hearing, the evidence showed: During *Page 81 
dry times there was an offensive odor from the waste water discharged into the creek, and the fish in the creek were killed. During these dry times the cattle and hogs of some of the defendants in error would not drink the water in the creek. Cairo Pickle Company is engaged in pickling cucumbers. It employs four hundred to five hundred people, and the waste water, consisting of brine, amounts to approximately fifty thousand gallons per day. For some time this waste water was discharged into an open ditch, in which the city also discharged some of its sewerage. The city put in a new disposal plant, and required Cairo Pickle Company to turn all of its waste water into the city sewerage. Later it was found that the brine from this waste water was ruining this disposal plant, and the city extended its sewerage line east from the pickle plant to Little Tired Creek, and required the company to use this line, the company putting in a machine for removing all of the solids from the waste water, which machine permitted nothing but the liquid to flow into the creek.
After the hearing, and before any order was entered, an agreement was entered into between the parties, whereby it was understood that the plaintiffs in error would secure necessary lands on which to erect a retaining pond, into which the waste water would be turned during dry seasons and permitted to flow into the creek only at such times as there was plenty of water in the creek; and that, if the lands could not be purchased, condemnation proceedings would be instituted, and if these proceedings went forward without unnecessary delay, no effort would be made by the defendants in error to secure a temporary injunction, and if said retaining pond proved successful, it would be a settlement of the case.
The plaintiffs in error being unable to purchase the property, condemnation proceedings were instituted by the City of Cairo against the owner, C. W. Thomas Jr., who was a non-resident. He immediately removed these proceedings to the Federal court where, due to the illness of Judge Davis, they were delayed until May, 1949, when the plaintiffs in error succeeded in securing an order returning the proceedings to the State court. The owner immediately filed an injunction proceeding, seeking to enjoin the condemnation proceedings, and this injunction proceeding *Page 82 
was pending at the time the temporary order was granted in this case.
Without any further proceedings, an order was entered in this case, granting a temporary injunction as prayed for by the petitioners, and to this order the plaintiffs in error excepted.
1. "Running water, while on land, belongs to the owner of the land, but he has no right to divert it from the usual channel, nor may he so use or adulterate it as to interfere with the enjoyment of it by the next owner." Code, § 85-1301.
The owner of land is entitled to the use of water of a nonnavigable stream flowing through his land. Several lower riparian landowners have such a community of interest that they may join in a petition to restrain an upper proprietor or stranger from adulterating the water. See Horton v. Fulton,130 Ga. 466 (60 S.E. 1059); Woodall v. Cartersville Mining Manganese Co., 104 Ga. 156 (30 S.E. 665); Lowe v.Holbrook, 71 Ga. 563.
Injuring "a fishing privilege," or rendering land less valuable for pasture purposes, by polluting the water of a non-navigable stream, gives rise to a cause of action. Hodges
v. Pine Product Co., 135 Ga. 134 (68 S.E. 1107). Injunction will lie to prevent continuing trespasses. Burns v. Hale,162 Ga. 336 (133 S.E. 857), and cit.
"Large discretion is vested in the chancellor in granting injunctions and appointing receivers, and unless some principle of substantial equity has been violated, this court will not control his discretion in such interlocutory orders unless clearly abused." Jones v. Johnson, 60 Ga. 261 (3).
Applying the above principles of law, we can not say that the trial judge abused his discretion in granting a temporary injunction, for any of the reasons assigned.
Judgment affirmed. All the Justices concur. *Page 83