## 18667. AUGUSTA SCHOOL OF AVIATION, INC. *v.* CITY COUNCIL OF AUGUSTA.

ARGUED JULY 13, 1954—DECIDED SEPTEMBER 13, 1954.

*Harris, Chance & McCracken,* for plaintiff in error.

*E. D. Fulcher,* contra.

CANDLER, Justice. The record shows the following state of facts: On May 29, 1948, and pursuant to the provisions of the Surplus Property Act of 1944 (Public Law 289), the United States by and through its War Assets Administrator conveyed to the City of Augusta that property in Richmond County commonly known as Daniel Field or Daniel Airport, including the buildings, appurtenances, and items of equipment attached to and used in connection therewith, subject, however, to certain reservations, restrictions, conditions, and exceptions incorporated in the conveyance. On this property, which embraces an area of approximately 200 acres, there are two hangars; also two runways, each having a length of approximately 4,100 feet. On December 23, 1947, and for a period of five years with the right of the lessee to renew it for a like period of time, the City of Augusta leased one of its hangars to the Augusta School of Aviation, Inc., and the lessee later elected to and did renew its lease for an additional period of five years. The lease expressly provides that the lessor is to manage its airport; that lessee's lease of one hangar only is not an exclusive one; and that the lessor may at any time grant to other parties such leases and privileges deemed by the lessor to be to its best interest and to the best interest of aviation. It also provides that the lessor, during the period of the lease, has the right to enter upon, develop, and improve the leased property as it sees fit, regardless of the desires or views of the lessee and without interference or hindrance from the lessee. In 1953, the lessor, by and through its Aviation Commission, decided to improve and further develop its airport. Its plans provided for a relocation of the hangars, a reduction in the length of the runways so as to eliminate an aviation hazard resulting from a public-road crossing, and the sale of certain acreage not needed or useful for airport purposes. Pursuant to authority conferred by an amendment to the Surplus Property Act of 1944, which was approved on October 5, 1949 (63 Statute p. 700, 81st Congress), the lessor's improvement and development plan and the sale of surplus land was approved in writing

on October 16, 1953, by the United States acting by and through its Administrator of Civil Aeronautics on condition that the approximate sum of $130,000, which the lessor was offered for an area of 15.65 acres of its airfield, would be used exclusively for such improvement and development purposes.

The exception here is to a judgment refusing to grant an interlocutory judgment in an equitable proceeding instituted in the Superior Court of Richmond County by the lessee against the lessor, wherein it is alleged that the terms of the plaintiff's lease contract are being violated by the lessor, and that its plan or scheme to improve and develop its airport facilities should for that reason be enjoined.

As we view the pleadings and the evidence, including the lease contract, the trial judge did not err in rendering the judgment complained of. For a definite period of time, the plaintiff leased a hangar on the defendant's airfield. During the period of the lease, the defendant expressly reserved the right to improve and develop its airport as it saw fit regardless of the desires or views of the plaintiff lessee and without interference or hindrance from it. The defendant lessor, during the lease period, elected to exercise its right to improve and further develop its airport, and the lessee, under the plain and unambiguous terms of its lease contract, had no right to interpose objections thereto or interfere in any way with the lessor's improvement and development of its property. Hence, it does not appear, as contended, that the judge abused his discretion in refusing to grant injunctive relief on the interlocutory hearing. Since the ruling we have just made is controlling and disposes of the entire case, it is unnecessary to deal with those questions which relate only to the admission of certain documentary evidence.

*Judgment affirmed. All the Justices concur.*