25809. DEPARTMENT OF AGRICULTURE v. COUNTRY LAD FOODS, INC.

ARGUED MAY 12, 1970—DECIDED SEPTEMBER 10, 1970.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Alfred L. Evans, Larry D. Ruskaup, Assistant Attorneys General*, for appellant.

*M. T. Simmons, Jr., Swertfeger, Scott, Pike & Simmons*, for appellee.

*Fisher & Phillips, William W. Alexander, Jr.*, for party at interest not party to record.

HAWES, Justice. This is the second appearance of this litigation in this court. See *Dept. of Agriculture v. Country Lad Foods*, 224 Ga. 683 (164 SE2d 110). After the decision of this court affirming the judgment of the trial court on October 31, 1968, the Department of Agriculture undertook to revise its regulations with respect to filled milk. On September 5, 1969, plaintiff filed in the Superior Court of Fulton County a pleading denominated an "amendment to plaintiff's complaint" in which it sought to add a "Count II" to its original complaint alleging therein that the defendant had adopted voluminous regulations purporting to control plaintiff's right to manufacture and market its product, and under which the defendant had advised the plaintiff that it must make certain changes in the labeling of the containers in which its product is to be marketed; that the plaintiff must obtain a license, and imposing upon the plaintiff various other restrictions in the conduct of its business,

all as the result of the regulations issued since the rendition of the judgment by this court on the previous appearance of the case here. The plaintiff alleged that the regulations, and the restrictions which the defendant was seeking to impose upon it pursuant thereto, are violative of stated provisions of the State and Federal Constitutions, and plaintiff prayed for a judgment declaring the regulations to be unconstitutional insofar as they relate to plaintiff's products; that the defendant be temporarily and permanently enjoined and restrained from prohibiting the plaintiff's use of a carton heretofore approved by the trial court; that the court issue a declaratory judgment declaring "how plaintiff must proceed in the production and marketing of its products"; and, for such other and further relief as to the court seems meet and proper. This verified amendment was tendered to the presiding judge of the Fulton Superior Court on September 5, 1969, and an order requiring the defendant to show cause on a day certain why the prayers for a temporary injunction should not be granted was issued and served by mailing a copy thereof to the Attorney General of the State of Georgia on the same date. Thereafter, the following order was entered: "The above styled case having come on regularly to be heard on temporary injunction, on the 26th day of September, 1969, and after hearing evidence and argument of counsel, it is hereby ordered, adjudged and decreed that the plaintiff be allowed to use, in the marketing of its product known as Country Lad High Protein Drink, its carton approved by this court by order of June 4, 1968, the carton is attached hereto, and made a part hereof. This 26th day of September, 1969." (Signed) "Virlyn B. Moore, Judge Emeritus, Superior Court, Atlanta Judicial Circuit." The defendant appealed from that order and judgment.

■ When the case came on for trial before the judge of the superior court on September 26, 1969, the defendant made an oral motion to dismiss the plaintiff's pleading captioned, "Amendment to plaintiff's complaint," filed and allowed on September 5, 1969, on the ground that the same constituted a supplemental pleading within the meaning of § 15 (d) of the Georgia Civil Practice Act (*Code Ann.* § 81A-115 (d)) in that

no notice had been given the defendant as required by that section prior to the filing of the "Amendment." The "Amendment" filed by the plaintiff is beyond question a "supplemental pleading" as that term is used in § 15 (d) of the Civil Practice Act, since it relates to transactions, occurrences and events which have happened since the date of the pleading sought to be amended. While the subsection in question does provide that such pleadings may be allowed by the court upon motion of the party and upon reasonable notice and upon such terms as are just, this provision of the law is designed to afford to the opposite party no more than an opportunity to be heard and to have its day in court with respect to the matter sought to be injected into the case by way of supplemental pleadings. Here the pleadings were allowed to be filed and a rule nisi in the customary form was issued and served upon the defendant. The defendant appeared and urged an oral motion to dismiss the pleading and, so far as appears from the record, was afforded every opportunity to urge any defense that it may have had to the merits of the pleading. Under these circumstances, the entry of the order of September 5, 1969, allowing the filing and service of the pleading without prior notice to the defendant was not error harmful to the defendant.

■ The revised regulations of the Department of Agriculture respecting the labeling of milk and milk products were issued on August 20, 1969, nearly ten months after the judgment of this court had been made the judgment of the trial court on the remittitur. The issuance of such revised regulations was but a continuation of the proceeding which gave rise to this litigation in the first instance. While, under the Civil Practice Act, it would have been permissible, and perhaps better, for the plaintiff to have raised the issues sought to be raised by the "Amendment" by filing a new action, yet, this was not necessarily the exclusive avenue of relief open to the plaintiff. The defendant was duly served with a copy of the amendment and the rule nisi issued thereon, appeared, and made no objection to the service or to the manner in which it was accomplished, submitted itself to the jurisdiction of the court and has filed defensive pleadings raising issues as to the

merits of the case made by plaintiff's "Amendment." No substantial right of the defendant, Department of Agriculture, has been violated; it has had its day in court insofar as a hearing on a temporary injunction is concerned, and upon the trial of the case on the issue of granting or refusing a permanent injunction it will be afforded every opportunity to litigate the merits of the plaintiff's claim just as if a separate and independent action had been filed. No useful purpose would be served by requiring the dismissal or striking of the "Amendment" and forcing the plaintiff to recommence its suit by refiling it as a separate action. The second ground of enumerated error is without merit.

■ "The granting and continuing of injunction shall always rest in the sound discretion of the judge, according to the circumstances of each case." Code § 55-108. It has been many times held under the authority of this Code section that where the evidence on a hearing for a temporary or interlocutory injunction is conflicting, the exercise by the judge of his discretion in granting or refusing an injunction will not be controlled unless manifestly abused. Cairo Pickle Co. v. Muggridge, 206 Ga. 80, 82 (55 SE2d 562); Augusta School of Aviation v. City Council of Augusta, 211 Ga. 20 (83 SE2d 675); Brooks v. Carter, 216 Ga. 836 (1) (120 SE2d 332). The order appealed from does not in terms enjoin the Department of Agriculture from any act. It does recite that the case came "on regularly to be heard on temporary injunction" and orders, adjudges and decrees that the plaintiff be allowed to use a specified carton in the marketing of its product. The parties have treated the order as one granting a temporary injunction. This court will accordingly deal with the order on that basis. Being such, it was not erroneous for any reason urged. The evidence transmitted to this court was in the form of a stipulation between the parties. A witness for the plaintiff testified that in his opinion the definition by the rules of the Department of Agriculture of the plaintiff's product as "imitation, reconstituted milk" would be misleading as to the true nature of the plaintiff's product and would as a practical matter virtually destroy the plaintiff's business. If such is the effect of the rules of the

defendant, Department of Agriculture, the trial court was authorized to grant a temporary injunction to maintain the status quo until a final adjudication that the rules and regulations promulgated by the Department of Agriculture are or are not violative of rights guaranteed by the Constitution can be had. It is obvious, from the record before this court, that the trial court has not adjudicated this issue, but has merely determined that pending such adjudication the plaintiff should be allowed to continue to use a described carton in the marketing of its product. This court held in *Department of Agriculture v. Quality Food Products*, 224 Ga. 585, 592 (163 SE2d 704), a case involving a substantially identical product as is here involved, that the Department of Agriculture may make reasonable rules and regulations respecting the packaging, labeling and branding of such products. Upon final adjudication of this case, it will be incumbent upon the trial court to determine whether the rules and regulations in question and the specific order of the Department of Agriculture with respect to this plaintiff's product is violative of the plaintiff's rights or in excess of the authority delegated to the Department by the legislature. Until such final adjudication is had, it was not error for the trial court to grant an interlocutory injunction maintaining the status quo.

*Judgment affirmed. All the Justices concur.*