26404. NATIONAL LIFE INSURANCE COMPANY
v. CADY et al.

ALMAND, Chief Justice. This appeal is from the grant of an interlocutory injunction.

Nellie Cady and five others, minor children of Eurus Cady, by Shirley Cady as next friend, brought their complaint against National Life Insurance Company and T. E. Norris in which they prayed that the defendant insurance company be restrained from exposing to sale the real estate described in a security deed from John H. Brantley to it and to compel the defendant Norris to specifically perform the contract with the defendant insurance company by paying the indebtedness which he assumed when the subject property was conveyed to him.

The complaint alleged that the father of the plaintiffs, Eurus Cady, prior to his death conducted a partnership business with defendant Norris; that Norris, after the death of their father, took over the assets of the partnership and caused John H. Brantley to convey to him a described home and lot, known as 1001 Russell Street, in the City of Augusta, subject to a security deed to National Life Insurance Company which Norris assumed and agreed to pay. That Norris made monthly payments to National until about September, 1969. That National has declared the entire balance of the indebtedness to be due and is proceeding to advertise for sale the described property under the power of sale in the security deed. They further alleged that plaintiffs are minors without funds, resources, or authority to bid upon said property or tender to National Life Insurance Company the amount of its indebtedness or the amount of the instalments which are in default, but will suffer irreparable harm and damage if said sale proceeds as advertised in said foreclosure notice because the premises described in said security deed and to be sold according to said notice is their home and dwelling place and the sale thereof would not only destroy their physical residence but break up and destroy the family unit and cause them to become wards of the State and objects of charity in separate eleemosynary institutions. That defendant T. E. Norris is thoroughly solvent and amply

financially able to discharge his obligation to National Life Insurance Company without loss, cost, or expense to said company.

That plaintiffs are without an adequate remedy at law and seek the intervention of a court of equity to protect and preserve their rights as third-party beneficiaries of the contract of defendant T. E. Norris with defendant National Life Insurance Company and to prevent the sale of plaintiffs' home for the payment of the debt of defendant T. E. Norris, and to save harmless from loss defendant National Life Insurance Company by compelling specific performance by defendant T. E. Norris of the contract of defendant T. E. Norris with defendant National Life Insurance Company for the benefit of plaintiffs as third-party beneficiaries.

That the mere recovery of damages by plaintiffs against defendant T. E. Norris for his breach of contract would not and could not adequately compensate them for the loss which they will sustain if said foreclosure proceedings continue and they are evicted and left homeless through the illegal and coercive pressure which defendant T. E. Norris is asserting in his representative capacity as administrator of the estate of Alice O. Hunter to extract plaintiffs' consent, which they cannot legally give, to his unlawful diversion of funds to which they are entitled, to the payment of his personal debt to National Life Insurance Company.

That the rights and equities of all the parties hereto may be protected and preserved without loss to anyone by the molding of an appropriate decree by this court.

On presentation of the complaint on May 29, 1970, the court granted a temporary restraining order. On June 2, 1970, the defendant National Life Insurance Company filed a motion in which it moved the court to "vacate the restraining order or in the alternative, require security from the plaintiffs in an amount of not less than $5,000 for the payment of the costs and damages this defendant expects will be incurred or suffered." On June 2, the court, acting on the above motion of National Life Insurance Company, denied the motion to dissolve the restraining order and reserved its ruling on the mo-

tion to require the plaintiffs to post a security bond. On June 16th and July 2nd, after a hearing, the court entered its order wherein (a) defendant Norris was ordered to pay to defendant National Life Insurance Company from funds belonging to the plaintiffs an amount sufficient to pay the instalments due on the security deed, plus interest and advertising costs of the foreclosure notice; and (b) National Life Insurance Company was enjoined from selling the described property conditioned upon the plaintiffs' filing in court a bond with security to be approved by the clerk of the court in the amount of $6,000 conditioned to save National Life Insurance Company harmless against any loss which it may sustain by reason of the delay in the sale of the property. The record discloses that the plaintiffs did file on July 2nd a bond in the sum of $6,000 with security approved by the clerk of the court.

1. Error is enumerated on the granting of an interlocutory injunction restraining the appellant from the sale of the property without requiring the appellees to first pay or tender to appellant the amount admittedly due on the loan. Sec. 65 (c) of the Civil Practice Act of 1966 (Ga. L. 1966, pp. 609, 666; *Code Ann.* § 81A-165 (c)) provides: "As a prerequisite to the issuance of a restraining order or interlocutory injunction the court may require the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." The appellant in its motion to dissolve the temporary injunction prayed that if its motion was denied, in the alternative the appellees be required to give a bond with good security. The court complied with this request. Cp. *Printup v. Smith,* 212 Ga. 501 (93 SE2d 679). Under the facts in this case, we cannot say that the court abused its discretion in granting an interlocutory injunction. *Code* § 55-108; *Cairo Pickle Co. v. Muggridge,* 206 Ga. 80 (55 SE2d 562).

2. The two other enumerations of error assert that the court erred in ordering the defendant Norris to pay to defendant National Life Insurance Company sufficient sums to pay the past due monthly notes and advertising expenses. It is contended that

the order directing the defendant National Life Insurance Company to accept payments on the loan divested the appellant of a valuable property right without due process of law and that the order requiring defendant Norris, as administrator of the estate of Alice O. Hunter, was void in that the court was without jurisdiction to make such direction.

Both of these contentions are without merit.

*Judgment affirmed. All the Justices concur.*
ARGUED MARCH 8, 1971—DECIDED APRIL 8, 1971.

*Congdon & Williams, W. Barry Williams, Robert C. Daniel, Jr.,* for appellant.

*E. D. Fulcher, Bobby G. Beazley,* for appellees.