28180. PITMAN v. GRIFFETH et al.

NICHOLS, Justice. This appeal is from a decree granting an interlocutory injunction in which decree the trial court made the following conclusions of law: "(1) The Defendant E. E. Pitman can assert his right to possession of the property known as Dixie Package Store No. 1 by means of an action at law for the recovery of land, or by means of a dispossessory proceeding, or by means of a judgment rendered on the merits in this case; and in the event Defendant E. E. Pitman secures a final judgment by pursuing any of these legal remedies establishing his right to the possession of the property in question he can be placed in possession thereof by use of the processes of the Court in which such final judgment is rendered. (2) Defendant E. E. Pitman cannot forcibly take possession of the premises in dispute without the consent of Charles W. Griffeth, Jr. individually or in his representative capacity as executor of the will of Charles W. Griffeth, Sr. (3) This Court cannot by interlocutory hearing pass on the question of whether or not the lease from the Defendant E. E. Pitman to Charles W. Griffeth, Sr. has expired or terminated. This can be done only by trial to final judgment of that issue on the merits in one of the three methods indicated above."

1. Where, as in the present case, a dispute exists as to the right of possession to real estate between the landlord and those who originally entered into possession lawfully, and where the landlord has padlocked such premises, the grant of an interlocutory injunction prohibiting the landlord from interfering with the possession of those who originally entered into possession lawfully upon condition that the plaintiffs give a surety bond to pay costs and damages, if any, incurred as a result of the equitable complaint is not error. Compare *Cairo Pickle Co. v. Muggridge,* 206 Ga. 80 (55 SE2d 562). Particularly is this true where the defendant requested that if the temporary restraining order was not dissolved in the alternative the plaintiffs be required to give bond with good security. *National Life Co. v. Cady,* 227 Ga. 475 (1, 2) (181 SE2d 382). Accordingly, the enumerations of error complaining of the failure to sustain the motion to dismiss the complaint and in granting the interlocutory injunction show no reversible error.

2. The enumeration of error which complains of the inclusion in the record on appeal of an amendment filed in the trial court after

the notice of appeal was filed not having been passed upon in the trial court presents nothing for decision by this court.

*Judgment affirmed. All the Justices concur.*

Submitted August 10, 1973 — Decided September 20, 1973.

*William T. Gerard,* for appellant.

*Erwin, Epting, Gibson & Chilivis, Nickolas P. Chilivis, David W. Griffeth,* for appellees.