## 52397. PRITCHARD v. NEAL et al.

STOLZ, Judge.

The plaintiff, a diabetic, was advised by the defendant doctors, who were partners in Macon, Georgia, that another pregnancy would be dangerous. Therefore, on the defendants' recommendation a tubal ligation was allegedly performed on March 29, 1972. In the latter months of 1972, the plaintiff became pregnant. All other facts are disputed.

The plaintiff claims that the defendants fraudulently misrepresented material facts concerning the success of tubal ligations and thus did not receive her informed consent. She also claimed that the defendants were negligent in ligating only one of her two fallopian tubes. According to the plaintiff, the defendants

abandoned her after she became pregnant, refusing to abort her when they knew that the pregnancy was dangerous to her life, and they failed to refer her to a substitute physician. She claimed that the fetus died and decomposed in the womb and had to be surgically removed. All of the plaintiff's contentions were supported by affidavits and testimony from depositions.

The defendants deny all of the above allegations of the plaintiff. They claim that she was properly advised that the tubal ligation would not be one hundred percent effective and that both tubes were indeed cut. The defendants claim that their refusal to perform an abortion was due to the plaintiff's refusal to follow their medical directions and cooperate with them until after the time during which an abortion could safely be done. They contend that eventually the plaintiff self-aborted. All of the defendant's contentions were supported by affidavits and testimony from depositions.

The plaintiff appeals from the trial court's grant of the defendants' motion for summary judgment.

1. The Civil Practice Act, § 56 (c), Code Ann. § 81A-156 (c) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759), provides for summary judgment when the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . ." "In motions for summary judgment, the evidence must be construed most favorably toward the party opposing the grant of same; and most unfavorably toward the party applying for the motion for summary judgment. All inferences and conclusions which arise from the evidence must be likewise construed." *Tipton v. Harden,* 128 Ga. App. 517 (4) (197 SE2d 746).

In the instant case, the facts are heatedly contested, with both sides supporting their contentions with affidavits and depositions. It could not be said "that there is no genuine issue as to any material fact," as required by the Civil Practice Act for summary judgment.

2. When the disputed facts are construed in the plaintiff's favor, one can find sufficient legal grounds for her major allegations. If, in fact, the plaintiff's consent to the performance of the tubal ligation was obtained as a

result of fraudulent misrepresentations, then a tort was indeed committed upon her. As a general rule, there is consent to a tortious act only "if that consent is free and not obtained by fraud . . ." Code § 105-1803.

3. On the issue of negligent malpractice due to the defendants' failure to cut the right fallopian tube, one could not find for the defendants as a matter of law when the facts are construed in the plaintiff's favor. In contrast to *Dickerson v. Hulsey,* 138 Ga. App. 108, 109 (225 SE2d 464), where the defendant doctor received summary judgment when the plaintiff "failed to support her contention of negligence with any evidence, opinion or otherwise," the instant plaintiff did present expert medical evidence to support her allegations. Dr. Herbert Olnick testified at a deposition as to the result of a hysterosalpinogram, a radiologic examination of the plaintiff's fallopian tubes. It was the doctor's opinion that the right tube looked normal and probably had never been cut. Although his testimony was somewhat equivocal, it did establish a foundation upon which a jury could have concluded that the right tube was never ligated.

4. Finally, the plaintiff's challenge on grounds of abandonment was sufficient to withstand summary judgment. Construing the facts most favorably in the plaintiff's favor, her evidence shows that during the critical first trimester of her pregnancy, the defendants first denied that she was pregnant, then delayed the decision on whether or not they would abort her pregnancy, and finally refused to perform the abortion, without making any effort to help the plaintiff to secure other medical assistance. By the time that the plaintiff was able to consult another physician concerning an abortion, she was too far advanced to terminate the pregnancy by simple procedures and declined to be subjected to a more serious second trimester abortion.

Abandonment of a patient is a tortious act. *Kenney v. Piedmont Hospital,* 136 Ga. App. 660 (222 SE2d 162). "Before a physician can abandon or withdraw from a case without liability therefor, he must either give reasonable notice or provide a competent physician in his place . . . 'A physician who leaves a patient at a critical stage of the disease, without reason, or sufficient notice to enable the

·party to procure another medical attendant, is guilty of a culpable dereliction of duty.'" *Norton v. Hamilton,* 92 Ga. App. 727, 731 (89 SE2d 809).

Inasmuch as reversal is directed on the grounds set forth above, it is not necessary to pass upon the plaintiff's other allegations of error.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

ARGUED JULY 12, 1976 — DECIDED SEPTEMBER 9, 1976.

*William E. Elsey, Thomas W. Bennett,* for appellant.
*Jones, Cork, Miller & Benton, Bruce Benton,* for appellees.