## 57521. ACTION, INC. v. TODDLER'S LANE, INC. et al.

DEEN, Chief Judge.

1. This is an appeal from a summary judgment in favor of the defendant appellees. Toddler's Lane, Inc., of whom Aaron was an officer, was a nonprofit corporation engaged in running a day care center in Elbert County, authorized by charter to dissolve itself if it saw fit with assets to then become the property of Elbert County. In 1973 the day care center, through its governing board composed primarily of parents of attending children, appealed to the Georgia Department of Human Resources for financial aid and was referred to Action, Inc., another nonprofit day care center set up to channel federal funds available for this purpose. After some four years it was attempted to sever the relationship. At that time Action, Inc. for the first time laid claim to a fund of $7,069.35 which had been collected during the period of joint supervision from "ineligibles" (parents of attending children not eligible for federal aid), which money could not, under the terms of relevant federal grants, be used for the necessary matching funds which had to be raised in order to obtain the grants to run the day care center, but a part of which fund had been used during the course of the joint supervision to pay one-time expenses such as bonus payments, a refrigerator, repair bills, parties, and, in one case a loan of $522.03 designated and acknowledged as a loan to Action, Inc. which was never repaid and which is the subject of a counterclaim in this case.

"Eligibles" (a majority of the children) were those receiving federal grant money and whose parents paid nothing. Nevertheless, the grant money had to be matched, and some of these parents and others came up with the matching funds, which were paid to Action, Inc.

Upon the final dissolution of Toddler's Lane, Inc. and in accordance with its charter provisions the fund here in dispute was offered to Elbert County, which intervened in this case and which was awarded the fund by the trial judge.

The fund belongs to Elbert County as successor in interest to Toddler's Lane, Inc. unless plaintiff Action,

Inc. can establish a superior claim to it. Action, Inc. could not use this fund as it operated the day care center out of the federal grants augmented by the matching funds (in which this fund from "ineligibles" was ineligible to participate.) It made no claim whatever to the fund, never audited it, and showed no interest in its disposition until the joint management of the day care center terminated.

The burden is on Action, Inc. as plaintiff to establish its right to the fund. Cf. *Perkins v. P. L. W., Inc.,* 126 Ga. App. 603, 604 (191 SE2d 482) (1972). Its contract with the Georgia Department of Human Resources requires it to submit yearly audits "such that the entire period of the contract is covered by the audit report and all receipts, expenditures and other transactions pertaining to the contract are clearly and separately summarized in the report." This was never done as to this fund during the four-year duration of the contract.

The plaintiff contends that a question of fact exists as to whether the fund belonged to the plaintiff or defendant corporation. We agree with the trial court that there is no such bona fide disputed issue where it appears that the fund originated from the parents of children ineligible for the money Action, Inc. served as a conduit for, that the fund could not be applied to this purpose, and that during the entire lifetime of the contract Action, Inc. made no claim to it. The grant of summary judgment to the defendants was proper. That the account was changed from the name of "Toddler's Lane Nursery" to "Toddler's Lane, Inc." does not call for a different result.

2. It follows from the above that the sum of $522.03 which was loaned by Toddler's Lane, Inc. to Action, Inc. was properly recovered by the defendant in its cross bill.

3. The appellant has filed a motion, which this court denied, to augment the record by depositions taken by the plaintiff of the defendants' two affiants, the plaintiff itself having offered no evidence in opposition to the motion for summary judgment. The depositions were not offered in evidence on the hearing of the motion, are not a part of the record, were not called to the attention of the trial judge, and therefore obviously cannot be considered by this court. *Pitman v. Griffeth,* 231 Ga. 136 (2) (200 SE2d 760) (1973).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED APRIL 3, 1979 — DECIDED JUNE 7, 1979 — REHEARING DENIED JULY 3, 1979.

*Cook, Noell, Bates & Warnes, J. Vincent Cook,* for appellant.

*Smith & Shiver, John M. Shiver, James I. Roberts,* for appellees.