## 61187. LEAGAN v. LEVINE.

SOGNIER, Judge.

Medical malpractice. Levine performed a surgical procedure on Leagan to sterilize her. The "tubal fulguration" was successful; however, following the operation Leagan suffered severe complications, including a burned bowel. Leagan sued Levine for malpractice alleging negligence, battery and breach of contract. Summary judgment was granted to Levine and Leagan appeals.

1. Appellant contends that the trial court erred in granting appellee's motion for summary judgment based on the statute of limitation. The sterilization procedure took place on November 16, 1973. Thereafter, appellant was admitted to the hospital on November 22, 1973 and again on December 2, 1973, complaining of severe pain in the abdomen. Appellant was placed in the care of a general surgeon, Dr. Booth, who performed two separate surgical procedures in an attempt to discover and treat the cause of appellant's complaint. The testimony is conflicting as to the cause of appellant's problems and what she was told in this regard. Levine and Dr. Booth both stated on deposition that at the time the severe abdominal problems arose, appellant was informed that those problems may have resulted from complications following the sterilization procedure. However, appellant testified that she was never told by any physician in attendance that the complications were related directly to the tubal fulguration. Appellant testified further that she did not learn her bowel had been burned until she spoke with her father, also a physician, in June, 1976, and to Dr. Booth in August of 1976. Thus, appellant contends that a jury question remains as to whether appellee's conduct amounted to fraud tolling the statute of limitations or alternatively, whether appellant had exercised reasonable diligence in discovering the cause of her injury.

The statute of limitation in this case is two years under the provisions of Code Ann. § 3-1004. Code Ann. § 3-807 provides: "If the defendant . . . shall have been guilty of a fraud by which the plaintiff shall have been debarred or deterred from his action, the period of limitation shall then run only from the time of the discovery of the fraud." In cases involving a relation of trust and confidence, such as a physician and patient, silence on the part of the physician when he should speak, or his failure to disclose what he ought to disclose, is as much a fraud in law as an actual affirmative false representation. *Brown v. Brown,* 209 Ga. 620, 621 (6) (75 SE2d 13) (1953). Such a fraud, which would have the effect of tolling the statute of limitations, is a proper question for a jury to decide. *Brown v. Brown,*

supra at 622; *Piedmont Pharmacy v. Patmore,* 144 Ga. App. 160, 163 (240 SE2d 888) (1977). Likewise, the question of appellant's exercise of ordinary care in discovering her injury must be resolved by a jury. *Morgan v. Carter,* 157 Ga. App. 218 (276 SE2d 889) (1981); *Simons v. Conn,* 151 Ga. App. 525, 528 (260 SE2d 402) (1979); *Piedmont Pharmacy v. Patmore,* supra. Hence, summary judgment granted on the issue of the statute of limitation was error.

Appellee contends, however, that the trial court granted summary judgment based on appellant's failure to show by competent evidence that Levine had been negligent in carrying out the sterilization procedure. Appellant submitted the affidavit of a medical expert in opposition to appellee's motion for summary judgment. The affidavit raises questions of fact with regard to appellee's failure to exercise the proper standard of care in performance of the sterilization procedure. The affidavit also contravenes expert testimony submitted by appellee that he was not negligent in performance of the surgery.

Appellee argues that the affidavit of appellant's expert was not considered by the trial court, nor could it be considered, because it was not timely filed or served upon appellee. The affidavit shows on its face that it was filed on January 30, 1979, the day of the hearing on appellee's motion for summary judgment. There is no certificate of service in the record to indicate that the affidavit was served on appellee prior to the day of the hearing. Thus, appellee contends the trial court had no competent expert testimony in opposition to appellee's expert testimony to raise any issues of fact. We do not agree.

Code Ann. § 81A-106 (d) provides: ". . . When a motion is supported by affidavit, the affidavit shall be served with the motion; and opposing affidavits may be served not later than one day before the hearing, unless the court permits them to be served at some other time." The trial court, in its discretion, can consider an affidavit filed on the day of the hearing. *Supreme Oil Co. v. Brock,* 129 Ga. App. 863, 864 (201 SE2d 659) (1973); *T & W Farm Supply v. McCall,* 132 Ga. App. 613 (208 SE2d 622) (1974). There is nothing in the record to indicate that appellee objected to the service or timeliness of the affidavit. *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 264 (174 SE2d 178) (1970). In addition, the trial court's order dated January 30, 1976 states that it had "searched and reviewed all pleadings, interrogatories and affidavits on file . . ." We must assume, then, that the trial court exercised its discretion and considered appellant's affidavit. The law favors the disposition of litigation on its merits, *Liberty Forest v. Interstate Paper,* 138 Ga. App. 153, 154 (225 SE2d 731) (1976), and we are reluctant to find to the contrary.

Appellee cites *Malone v. Ottinger,* 118 Ga. App. 778, 782 (165 SE2d 660) (1968) for the proposition that the trial court must, by order of the court, indicate that it has exercised its discretion and permitted the affidavit to be filed. No affirmative writing in the record is necessary for this court to assume that the trial court exercised its discretion and allowed the tendered affidavit to be admitted. *Liberty Nat. Life Ins. Co. v. Houk,* 157 Ga. App. 540 (1981).

Appellant's affidavit, when viewed in the light most favorable to appellant, as we must do on summary judgment, raises genuine issues of fact regarding appellee's negligence in performing the sterilization procedure. *Pritchard v. Neal,* 139 Ga. App. 512 (229 SE2d 18) (1976).

2. Appellant also contends that the trial court erred in granting summary judgment to appellee on the issue of breach of contract. Appellant contends that Levine exceeded his authority under the contract and the Voluntary Sterilization Act (Code Ann. § 84-931 et seq.) in cauterizing appellant's ovaries with coagulating current. In defense, appellee raised the provisions of Code Ann. § 84-935.1 which provides: "When an operation shall have been performed in compliance with the provisions of this law [§§ 84-931 through 84-935.2], no physician duly licensed without restriction to practice medicine and surgery in this State or other person legally participating in the execution of the provisions of this law shall be liable civilly or to criminal prosecution on account of such operation or participation therein, except in the case of negligence in the performance of said procedure." Since appellant's claim for negligence against appellee is viable, this provision would not bar appellant's contract claim. See *Shessel v. Gay,* 139 Ga. App. 429 (228 SE2d 361) (1976). In addition, a question of fact remains whether appellee went beyond the scope of the sterilization procedure when the "ovary grasped in three different places and cauterized . . . both with . . . coagulating and cutting current," as indicated by appellee's operative note.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED APRIL 14, 1981.

*David W. Davenport, Theodore Lee Marcus, Edward J. Walsh,* for appellant.
*R. G. Tanner,* for appellee.