73228. QUATTLEBAUM v. COWART et al.
(356 SE2d 91)

BENHAM, Judge.

This appeal follows this court's grant of appellant's application for interlocutory review of the trial court's denial of his motion for partial summary judgment.

1. After the appeal was filed, appellees' counsel became cognizant of the fact that twelve depositions had never been filed in the trial court. Counsel notified the trial court who, at the request of counsel for appellant and appellee, ordered the depositions filed and sent to the appellate court as supplementary record. However, because there is no evidence that the depositions were available to the trial court when it rendered its decision denying summary judgment, we cannot consider those depositions upon review of the trial court's decision. See *Pitman v. Griffeth*, 231 Ga. 136 (2) (200 SE2d 760) (1973); *Action, Inc. v. Toddler's Lane*, 150 Ga. App. 532 (3) (258 SE2d 172) (1979).

2. Appellant performed a cholecystectomy (gall bladder removal) on Mrs. Cowart on January 2, 1974. When she developed complications, appellant, suspecting residual gallstones in his patient's ducts, reopened Mrs. Cowart on January 24, 1974. He did not find any gallstones, but did remove 4,000 cc of bile from Mrs. Cowart's abdominal cavity. He was unable to locate the left hepatic duct, but connected the right hepatic duct to the small intestine. On the medical records, however, he stated that he had connected the common hepatic duct to the small intestine. Mrs. Coward, still suffering complications, underwent a third operation at the hands of appellant in August 1975;

was seen at the Mayo Clinic later that year; and suffered complications for the next five years. In 1981, she was seen by a specialist at Emory Clinic who connected Mrs. Cowart's left hepatic duct to her gastrointestinal tract.

In 1982, appellees filed this medical malpractice action against appellant, contending he was negligent in his care of appellee Linda Cowart in 1974 and 1975, and had caused her seven years of suffering when he failed to connect her left hepatic duct to her gastrointestinal system. Appellees also allege that appellant filed incorrect and misleading medical reports, thereby preventing appellees and other physicians from determining Mrs. Cowart's true physical condition. Appellant sought summary judgment on the ground that the two-year statute of limitation of OCGA § 9-3-71 precluded appellees' suit. Appellees contended that the statute of limitation was tolled by fraud allegedly perpetrated by appellant. OCGA § 9-3-96. Appellant also sought partial summary judgment, maintaining that the fraud alleged by appellees did not relate to the January 2, 1974, surgery appellant performed on Mrs. Cowart. Appellant's sole enumeration of error on appeal is the trial court's denial of his motion for partial summary judgment.

"The statute of limitation for medical malpractice is clear and unambiguous: 'Except as otherwise provided in this article, an action for medical malpractice shall be brought within two years after *the date on which the negligent* or wrongful act or omission occurred.' (Emphasis supplied.) OCGA § 9-3-71." *Gillis v. Palmer*, 178 Ga. App. 608 (1) (344 SE2d 446) (1986). See also *Sutlive v. Hackney*, 164 Ga. App. 740 (297 SE2d 515) (1982) (in which, as here, the alleged acts of malpractice occurred *before* the 1976 legislative revision of the medical malpractice statute of limitation, and suit was brought *after* the change). However, fraud perpetrated by a defendant doctor will toll the statute of limitation. See OCGA § 9-3-96; *Gillis v. Palmer*, supra, Division 2.

Appellees allege appellant was negligent in his care and treatment of appellee Linda Cowart in 1974 and 1975, more than two years before the instant action was filed. Appellees contend that appellant committed fraud, tolling the statute of limitation, by making deliberate misrepresentations in medical records and by reassuring appellees he had done all he could to correct the problems with Mrs. Cowart's biliary system. On summary judgment, all facts and favorable inferences therefrom must be construed in favor of the non-movant. *Pritchard v. Neal*, 139 Ga. App. 512 (1) (229 SE2d 18) (1976). "In cases involving a relation of trust and confidence, such as a physician and patient, silence on the part of the physician when he should speak, or his failure to disclose what he ought to disclose, is as much a fraud in law as an actual affirmative false representation. [Cit.]" *Lea-*

*gan v. Levine,* 158 Ga. App. 293 (1) (279 SE2d 741) (1981). In the case at bar, there is evidence of an actual affirmative false representation on the part of appellant as well as evidence that he never told appellees that Mrs. Cowart's problems were caused by his failure to connect the left hepatic duct to the small intestine. Inasmuch as appellant's failure to inform appellees had its inception in the January 2 operation, the trial court did not err in denying appellant's motion for partial summary judgment. The questions of the actual existence of such fraud as well as appellees' diligence in discovering the injury and the fraudulent concealment are, in this case, for the jury. *Shved v. Daly,* 174 Ga. App. 209, 210 (329 SE2d 536) (1985).

Appellant and the dissent maintain that partial summary judgment should have been granted appellant because they contend there is no evidence of fraud relating to the January 2 operation, and that all the evidence of fraud related to the January 24 operation and appellant's subsequent treatment of Mrs. Cowart. However, construing the facts and inferences drawn therefrom in favor of appellees/non-movants, the record reflects that Mrs. Cowart had 4,000 cc of bile in her abdominal cavity on January 24 because action was not taken during the January 2 operation to ensure proper bile flow into the small intestine. While it might be argued that Mrs. Cowart's post-operative condition after the January 2 operation might have triggered the running of the statute of limitation, the record is replete with evidence that the fraud allegedly perpetrated by appellant on January 24 and beyond tolled the running of that statute of limitation. Since appellees' lawsuit was filed within one year of the discovery of the alleged negligence and fraud, the statute of limitation, though it may be said to have partially run as to the January 2 operation, had not expired. The fraud alleged by appellees to have been perpetrated by appellant prevented appellees from realizing appellant's alleged negligence on January 2 just as it prevented them from discovering subsequent alleged negligence as well as the existence of the fraud itself.

Our decision today comports with previous appellate pronouncements on the issue of limitation-tolling fraud in medical malpractice suits. In the present case, the record supports a reasonable inference that appellant knowingly attempted to conceal his negligence throughout his post-January 2, 1974 relationship with appellees (see *Sutlive v. Hackney,* supra) and that appellant failed to disclose or acknowledge that Mrs. Cowart's condition was related to his previous treatment of her. See *Lorentzson v. Rowell,* 171 Ga. App. 821 (321 SE2d 341) (1984); *Leagan v. Levine,* supra. There is evidence from which it can be inferred that appellant knew of his improper conduct and tried to cover up such conduct (compare *Gillis v. Palmer,* supra), and appellees' allegations of fraud amount to more than mere mis-

diagnosis. Compare *Johnson v. Gamwell*, 165 Ga. App. 425 (301 SE2d 492) (1983).

Viewing the evidence of record in favor of appellees, we conclude the trial court did not err in denying appellant's motion for partial summary judgment.

*Judgment affirmed. Banke, P. J., Carley and Pope, JJ., concur. Deen, P. J., and McMurray, P. J., concur in judgment only. Birdsong, C. J., Sognier and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

1. I agree that in our consideration of the case, we cannot take into account the depositions which were not considered by the trial court in ruling on the motion. Although the court may have used copies, it being clear that the originals were not filed until after the entry of the order appealed from, the record does not so demonstrate and we cannot assume it.

2. I dissent because I can find no evidence in the record which raises a question of fact with respect to fraud as to the first operation. That was the surgery on January 2 in which Dr. Quattlebaum found a number of small stones in Mrs. Cowart's gall bladder and removed the gall bladder. Even assuming he did so negligently, in order for this medical procedure to be tested legally, it would have to survive the statute of limitation which otherwise controls. Fraud would toll it, to be sure, but there is no evidence of fraud as to this first surgery; what is focused on by the majority is evidence of fraud with respect to the surgery on January 24, which is quite another matter and is furthermore not a subject of this appeal.

"If facts do exist which would toll the statute of limitations, the appellant [plaintiff] has the burden of setting forth and supporting these facts, *Carroll v. Pittsburgh Steel*," [Co., 103 FSupp. 788, 790 (W. D. Pa. 1952)]. *Wade v. Thomasville Orthopedic Clinic*, 167 Ga. App. 278, 281 (2) (306 SE2d 366) (1983). There must be evidence of fraud, as to the matter complained of, so as to excuse plaintiff for not bringing suit within the statutorily prescribed time. See *Shved v. Daly*, 174 Ga. App. 209 (329 SE2d 536) (1985); *Gillis v. Palmer*, 178 Ga. App. 608, 610 (2) (344 SE2d 446) (1986). The absence of any fraud with respect to the January 2 surgery entitles defendant to a partial summary judgment on that issue.

I am authorized to state that Chief Judge Birdsong and Judge Sognier join in this dissent.

DECIDED MARCH 19, 1987 —
REHEARING DENIED APRIL 2, 1987 —

*Thomas A. Withers*, for appellant.
*Albert Fendig, Jr., William H. Pinson, Jr.*, for appellees.