# CHARLESTON.

LULA L. YOUNG *v.* A. T. JORDAN

(No. 6101)

Submitted September 25, 1928. Decided October 2, 1928.

140

John T. Simms, for plaintiff in error.

Scott, Graham & Wiswell and Graham & Hundley, for defendant in error.

HATCHER, JUDGE:

The plaintiff seeks in this action to recover damages of the defendant, a physician, for alleged malpractice. At the close of plaintiff's evidence, the trial court directed a verdict for defendant.

The case as developed by plaintiff is as follows: the defendant was engaged to attend her during confinement. Because of seemingly undue delay in the commencement of labor, he gave her medicine at 8 P. M., to bring it on. He stated it would probably be midnight before he would be needed, so he was going to his office; that he would return in a couple of hours, but if needed before he returned, he was to be called at his office. By 11 P. M. the plaintiff's pains had become very intense. A call for defendant at his office met with no response. Search for him at his home and in the neighborhood proved in vain. Shortly after 1 A. M. another physician was procured who promptly alleviated the suffering of the

plaintiff and delivered her child. It was born at 3 A. M., and lived only an hour and a half.

In the meantime the defendant had attended another patient (also in child birth) and did not return to the home of plaintiff until about 3 A. M. Finding another physician there, he did not enter.

The plaintiff charges to the defendant's failure to attend her after 11 P. M. (1) the death of the baby and her consequent mental anguish; (2) impairment of her health; and (3) her extreme suffering prior to the delivery. It is very questionable whether the first and second charges are sufficiently proven. As to the third charge, however, the plaintiff describes her pain from 11 P. M. to 1 A. M. as "agony" —the progress of the foetus not being normal. She is substantiated by her husband and a neighbor woman. After giving medicine to accelerate plaintiff's labor, it was the *absolute* duty of the defendant to remain where he could be reached when needed or to provide a competent physician in his place. His engagement was to give the case *close attention. Lawson* v. *Conway* 37 W. Va. 159; *Lathrope* v. *Flood,* (Cal.), 63 Pac. 1007-8; *Gerken* v. *Plimpton,* 62 N. Y. App. Div. 35. For his failure to do so he must answer to the plaintiff, before the jury, for at least those two hours of unalleviated suffering. "A physician who leaves a patient, at a critical stage of the disease, without reason, or sufficient notice to enable the party to procure another medical attendant, is guilty of a culpable dereliction of duty." *Barbour* v. *Martin,* 62 Me. 536. *Ritchey* v. *West,* 23 Ill. 385, 386. The fact that the defendant was called to attend another patient does not excuse him in this case. "That a doctor has taken on so many patients that he has to neglect some, held not to excuse him for responsibility if harm results from such neglect." *Sinclair* v. *Brunson,* 212 Mich. 387, 180 N. W. 358, 12 A. L. R. 593. "Where a physician agreed without qualification to attend plaintiff at her approaching confinement for a stipulated sum, it was no excuse that at the time treatment became necessary that he was engaged with another patient and could not leave, as the rule is 'as a man consents to bind himself so shall he be bound.'" *Hood* v. *Moffett,* 109

142

Miss. 757, 69 So. 664, L. R. A. 1916-B 622, Ann. Cas. 1917-E 410.   See generally 30 Cyc., p. 1576.

The judgment of the circuit court is therefore reversed, and a new trial awarded the plaintiff.

*Reversed; new trial awarded.*