## 35787.   NORTON *v.* HAMILTON.

DECIDED OCTOBER 11, 1955.

730

*Wright, Rogers, Magruder & Hoyt, Dudley B. Magruder, Jr.,* for plaintiff in error.

*Matthews, Maddox, Walton & Smith,* contra.

FELTON, C. J. It is contended by the plaintiff in error that the action is one for breach of contract and not for a tort and that, therefore, the action was improperly brought by the wife rather than the husband, and that pain and suffering cannot be recovered as an element of damages for a breach of contract. The action is in tort. It is brought under Code § 84-924 which provides: "A person professing to practice surgery or the administering of medicine for compensation must bring to the exercise of his profession a reasonable degree of care and skill. Any injury resulting from a want of such care and skill shall be a

tort for which a recovery may be had." The usual practice is to bring such an action in tort rather than for breach of contract. *Scott* v. *Simpson*, 46 *Ga. App.* 479 (1) (167 S. E. 920). It is strongly argued by the plaintiff in error that the allegation that the defendant withdrew from the case alleges a breach of contract rather than a tort. We cannot agree. The duty of a physician or surgeon to bring skill and care to the amelioration of the condition of his patient arises not only from the implied contract between the physician and his patient (see *Scott* v. *Simpson*, supra, headnote 2), but such duty also has its foundation in public considerations which are inseparable from the nature and exercise of his calling and it is predicated by the law on the relation which exists between physician and patient which is a result of a consensual transaction, and not necessarily one of contract. 41 Am. Jur. 198, § 79. Before a physician can abandon or withdraw from a case without liability therefor, he must either give reasonable notice or provide a competent physician in his place. 70 C. J. S. 966, § 48 f (3); 41 Am. Jur. 194, § 72. "A physician who leaves a patient at a critical stage of the disease, without reason, or sufficient notice to enable the party to procure another medical attendant, is guilty of a culpable dereliction of duty." Young *v.* Jordan, 106 W. Va. 139 (145 S. E. 41). An action will lie for the failure of the physician to use reasonable care *or* skill. *Richards* v. *Harpe*, 42 *Ga. App.* 123, 125 (11) (155 S. E. 85). If a physician abandons a case without giving such notice or providing a competent physician in his place, it is a failure to exercise that care required by law, which failure amounts to a tort. "Negligent failure to attend and treat a patient at a time when the need of treatment is known to the physician and there is opportunity to apply proper treatment amounts to the same as negligent treatment and the physician is answerable for such failure." 41 Am. Jur. 216, § 100.

Of course, the same degree of care and skill is required in making a diagnosis as is required in treatment.

Whether a physician has used that degree of care and skill required by law in attending his patient is generally a question for a jury's determination. *Kuttner* v. *Swanson*, 59 *Ga. App.* 818, 820 (1) (2 S. E. 2d 230); *Mason* v. *Hall*, 72 *Ga. App.* 867, 874 (35 S. E. 2d 478).

For an exhaustive note on this subject in obstetric cases, see 141 A. L. R. 111-170. On the question of abandonment, see also 56 A. L. R. 818; 60 A. L. R. 664.

The plaintiff prayed for damages for physical and mental pain and suffering and for damages for wounded feelings. Under the facts alleged, both items of damages are recoverable. *Interstate Life & Accident Co.* v. *Brewer*, 56 *Ga. App.* 599 (1, 5) (193 S. E. 458).

The special demurrers are without merit.

The petition alleged a good cause of action in tort and the court did not err in overruling the general and special demurrers to the petition.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*