36906. CARROLL *v.* GRIFFIN.

DECIDED JANUARY 9, 1958.

*Bruce B. Edwards, Anthony A. Alaimo, William H. Whaley, Robert W. Cagle, C. C. Perkins, Aubrey Gilbert,* for plaintiff in error.

*James A. Branch, Thos. B. Branch, Jr.,* contra.

NICHOLS, Judge. The plaintiff sought to recover for certain alleged acts of the defendant, a physician, which the plaintiff contended amounted to "malpractice." There was evidence on the trial that the plaintiff was injured in a wreck while riding in a truck owned by the defendant; that the wreck occurred near Carrollton, Georgia; that the plaintiff was first taken to a hospital or clinic in Carrollton and from there to the Georgia Baptist Hospital in Atlanta, Georgia; that the defendant was shown by the hospital charts to be the admitting physician; that the plaintiff suffered (as a result of the wreck) a fractured left mandible, a fractured zygomatic bone, at least two fractured ribs, fractures to the vertebral column, and a fractured skull; that after the plaintiff had been in the hospital for approximately five days the defendant, after having a morphine type drug (pantapon) administered to the plaintiff, had the plaintiff transported to the plaintiff's home (which home was a tenant house in Carroll County, Georgia, without running water or inside bathroom facilities) ; that each Sunday thereafter except one for three or four weeks the plaintiff was examined by the defendant at such house and on one occasion the defendant found that the fractured mandible had slipped out of place and had become a compound fracture where it had previously been a simple frac-

ture; that the defendant attempted to set such fracture at the plaintiff's home and, when it would not stay in place the defendant took an unsterilized pocket knife and "clipped off" the end of the broken bone and then set the jaw using a "yellow scarf" tied around the plaintiff's head to hold such fractured mandible in place; that four weeks later the defendant advised plaintiff that he would have nothing further to do with the case, and that after being so advised the plaintiff contacted an attorney in effort to force the defendant to furnish him with proper treatment. There was evidence to show that the plaintiff was still suffering from some of the injuries sustained in the wreck and that he had been unable to procure medical treatment since the defendant "abandoned" him.

While there was evidence that the plaintiff was still suffering from some of the injuries sustained in the wreck, there was no medical evidence that any of the "treatment of services" rendered the plaintiff by the defendant was not proper, and under the decision of the Supreme Court in *Shea* v. *Phillips*, 213 *Ga.* 269 (98 S. E. 2d 552), and the cases cited therein, this court is bound to hold that a verdict for the defendant, as to the treatment and services rendered, was demanded. Therefore, unless the evidence would authorize a finding that the defendant abandoned the plaintiff after accepting him as a patient under such conditions as to render him liable for any injuries suffered by the plaintiff from such abandonment then the judgment denying the plaintiff's motion for new trial must be affirmed without regard to any alleged errors in the special grounds of such motion.

2. The plaintiff testified that on March 21, 1954, the defendant told him that he would not get well until he obtained surgical treatment for his fractured mandible, but that since he, the defendant, was not obligated to pay for the plaintiff's doctors and hospital bills he would have nothing further to do with the case, and the defendant did not have anything further to do with the case.

"Before a physician can abandon or withdraw from a case without liability therefor, he must either give reasonable notice or provide a competent physician in his place. 70 C. J. S. 966, § 48 f (3); 41 Am. Jur. 194, § 72. 'A physician who leaves a

patient at a critical stage of the disease, without reason, or sufficient notice to enable the party to procure another medical attendant, is guilty of a culpable dereliction of duty.' Young v. Jordan, 106 W. Va. 139 (145 S. E. 41). An action will lie for the failure of the physician to use reasonable care or skill. Richards v. Harpe, 42 Ga. App. 123, 125 (11) (155 S. E. 85). If a physician abandons a case without giving such notice or providing a competent physician in his place, it is a failure to exercise that care required by law, which failure amounts to a tort. 'Negligent failure to attend and treat a patient at a time when the need of treatment is known to the physician and there is opportunity to apply proper treatment amounts to the same as negligent treatment and the physician is answerable for such failure.' 41 Am. Jur. 216, § 100." Norton v. Hamilton, 92 Ga. App. 727, 731 (89 S. E. 2d 809).

In addition to the testimony of the plaintiff shown above the plaintiff also testified that a physician from Carrollton treated him on February 10, 1954 (the day after the day he was carried home from Georgia Baptist Hospital) and several other times after such date up to and including March 18, 1954, when he, the local physician, advised him that he was going to place him in a hospital. The record does not disclose that the plaintiff was actually hospitalized, or whether this physician treated the plaintiff after such date.

There was no evidence that the defendant abandoned the plaintiff at a critical time when there was a need for immediate treatment, for, although the record does disclose that the plaintiff needed surgical treatment, it does not disclose that such surgical treatment was needed then and there or that if the plaintiff had sought within a reasonable time thereafter other medical care he would have suffered any injury from the alleged abandonment. It is undisputed that the day following the alleged abandonment the plaintiff traveled from his home in Carroll County to Atlanta, where, at the request of his attorney, he was examined by a physician who recommended that he see a maxillofacial, or plastic, surgeon, and that in this physician's opinion the plaintiff's injuries could have been corrected had he obtained such treatment.

It is well settled as a general rule that before an action for

a tort will lie, there must be an injury accompanying such tort. Code § 105-104. In the present case it does not appear that the plaintiff was injured by the 24-hour delay between the time the defendant allegedly abandoned him and the time the plaintiff was advised by another physician to see a maxillofacial, or plastic, surgeon, but on the contrary it does appear that any injury which the plaintiff suffered resulted from his failure to obtain the treatment recommended for him.

The verdict returned by the jury was demanded by the evidence and the trial court did not err in denying the motion for new trial.

*Judgment affirmed. Felton, C.J., and Quillian, J., concur.*