65274. MEEKS et al. v. COAN et al.

SOGNIER, Judge.

Calvin T. and Sandra Meeks sued Drs. Coan, Wildstein, and Kumin for medical malpractice and loss of consortium. The trial court granted summary judgment in favor of each of the physicians and the Meeks appeal.

1. Appellants contend that the trial court erred in granting summary judgment in favor of Drs. Coan and Wildstein because there was expert opinion testimony that both physicians failed to use due care, skill, and diligence in treating Mr. Meeks. Appellants' chief contentions of negligence are that the doctors failed to surgically remove all of a graft placed in Mr. Meeks' arm and that they abandoned him. Mr. Meeks, who suffers from diabetes and kidney failure, underwent numerous and successive operations beginning in 1979 for the creation of access sites on his arms for purposes of receiving dialysis. The surgical procedure entails the formation of an arteriovenous ("A-V") fistula, which is a connection between an artery and a vein. The connection may be either made directly or by

use of a graft. It is characteristic of A-V fistulas to eventually fail or to become infected, particularly with diabetic patients such as Mr. Meeks.

Dr. Kumin, a nephrologist treating Mr. Meeks since 1979, referred him to Dr. Coan and his associate, Dr. Wildstein, both surgeons, and they formed an A-V fistula on Mr. Meeks' left forearm in January 1980 using a synthetic graft. Due to infection in the original site, subsequent A-V fistulas were formed, and the first graft was removed in surgery performed by Dr. Coan in April 1980. The site remained open, infected and draining. In June 1980, Mr. Meeks returned to Dr. Henry, a surgeon who had treated him in 1979. In August 1980, Dr. Henry removed a portion of the first graft placed by Drs. Coan and Wildstein that had remained in Mr. Meeks' arm, and the infection was resolved in approximately two weeks.

Drs. Coan and Wildstein based their motions for summary judgment on expert opinion testimony in their affidavits stating that at all times both had possessed and exercised that degree of skill and care customarily exercised in the medical community generally under same or similar circumstances. Appellants offered in opposition the testimony of Dr. Henry, who deposed that failure to have eventually removed the graft would have been improper treatment and a deviation from the standard of skill and care as are generally exercised by the profession. However, Dr. Henry also testified that at the time Mr. Meeks came to him in June 1980, there was nothing to show that Drs. Coan and Wildstein had not exercised reasonable care.

The question, then, is whether Drs. Coan and Wildstein, both of whom treated Mr. Meeks, intended to return and remove the piece of graft that was left in his arm, since according to Dr. Henry, failure to do so would have been negligence, as the arm would never have healed. A critical excerpt of Dr. Coan's operation report for "removal of arterial venous graft" is as follows: "The arterial and the venous anastomoses are divided with a small cuff of graft left *in situ* on the brachial artery and then with blunt dissection the graft is mobilized from the tunnel and avulsed and *removed in its entirety*." (Emphasis supplied.) The report gives rise to the inference that Drs. Coan and Wildstein did not intend to go back later and remove the remaining portion of graft. On summary judgment, this bare inference of negligence must be construed favorably to the appellants, as the non-moving parties. *Pritchard v. Neal,* 139 Ga. App. 512, 513 (1) (229 SE2d 18) (1976). Dr. Henry's testimony, while equivocal on the question of negligence, did provide a foundation on which a jury could have concluded that Drs. Coan and Wildstein negligently intended not to remove the remaining portion of graft. Id. at 514 (3); *Lawrence v. Gardner,* 154 Ga. App. 722, 724 (270 SE2d 9) (1980).

While it is argued that it was intended that a portion of the graft be left intact, as evidenced by the inference in the report to the "graft left *in situ*," this does not disturb the inference that Drs. Coan and Wildstein did not intend to return and remove the remaining portion.

Drs. Coan and Wildstein cite *Parrott v. Chatham County Hosp. Auth.,* 145 Ga. App. 113 (243 SE2d 269) (1978) in pointing out evidence that Mr. Meeks suffered no permanent injury and experienced no pain or discomfort with this particular graft that differed from that resulting from numerous other grafts performed on his arms for dialysis access sites. However, unlike *Parrot,* there was evidence in the instant case to show that had the entire graft been removed, healing would have resulted and that "his pain and discomfort would have been less or different from that actually suffered." *Parrott,* supra at 114.

Because questions of fact remain and because Drs. Coan and Wildstein were not entitled to judgment as a matter of law, the trial court erred in granting summary judgment in their favor on the issue of negligence. See *Jones v. Myers,* 162 Ga. App. 319 (291 SE2d 394) (1982); *Lawrence,* supra.

2. Appellants also contend that the issue of Mr. Meeks' alleged abandonment by Drs. Coan and Wildstein raises a question of fact for the jury. "If a physician abandons a case without giving [reasonable] notice or providing a competent physician in his place, it is a failure to exercise that care required by law, which failure amounts to a tort. 'Negligent failure to attend and treat a patient at a time when the need of treatment is known to the physician and there is opportunity to apply proper treatment amounts to the same as negligent treatment. . . .' [Cit.]" *Norton v. Hamilton,* 92 Ga. App. 727, 731 (89 SE2d 809) (1955).

Despite the fact that the evidence may be conflicting as to whether Drs. Coan and Wildstein actually abandoned Mr. Meeks, appellant deposed that immediately after he was told by Dr. Coan without further explanation or instruction, "You don't need me, you need a doctor," he went of his own volition to see Dr. Kumin, who admitted him to the hospital. "It is well settled as a general rule that before an action for a tort will lie, there must be an injury accompanying. such tort. Code § 105-104." *Carroll v. Griffin,* 96 Ga. App. 826, 828-829 (101 SE2d 764) (1958). Mr. Meeks' testimony showed that no injury resulted from any abandonment that occurred. See Id. Compare evidence of injury in *Pritchard,* supra at 514 (4). This evidence negatives one of the essential elements for recovery under his claim of negligent abandonment.

"[O]nce a party in the position of a defendant who is a movant

for summary judgment pierces the pleadings of one in the position of a plaintiff and shows to the court that one essential element under any theory of recovery is lacking and incapable of proof, the defendant is entitled to summary judgment as a matter of law irrespective of any issues of fact with regard to other essential elements. [Cit.]" *Waldrep v. Goodwin,* 230 Ga. 1, 2 (1) (195 SE2d 432) (1973). See also *Laite v. Baxter,* 126 Ga. App. 743, 744 (1) (191 SE2d 531) (1972). Thus, despite the conflicting evidence on the purported abandonment, since the essential tort element of injury was lacking, Drs. Coan and Wildstein were entitled to summary judgment in their favor on the issue of abandonment.

3. Appellants also contend that the trial court erred in granting Dr. Kumin's motion for summary judgment. We do not agree.

Dr. Kumin based his motion for summary judgment on his own affidavit stating in his expert opinion that he did not negligently perform his medical duties in rendering medical care and treatment to Mr. Meeks. The evidence showed that Dr. Kumin was Mr. Meeks' attending physician during his hospitalization for removal of the graft and provided ongoing treatment before and after that surgery. However, appellants produced no expert opinion testimony that Dr. Kumin performed his duties negligently. There being no genuine issue of fact to be resolved by a jury, the trial court did not err in granting summary judgment in favor of Dr. Kumin. *Payne v. Golden,* 245 Ga. 784 (267 SE2d 211) (1980); *Howard v. Walker,* 242 Ga. 406 (249 SE2d 45) (1978).

*Judgment affirmed in part; reversed in part. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 10, 1983.

*Adele P. Grubbs, James C. Strayhorn,* for appellants.
*Lawrie E. Demorest, Robert L. Pennington, Fordham E. Huffman, Daniel S. Reinhardt, George W. Hart,* for appellees.