## 73770. CLEMENTS v. HENDI.
(354 SE2d 700)

SOGNIER, Judge.

Shirley Clements brought suit against Dr. Samir Hendi in the Superior Court of Irwin County alleging negligent abandonment in moving his medical office without notice to her and in failing to complete a necessary insurance form. Dr. Hendi moved the court to dismiss for improper venue. The Irwin County Superior Court agreed that venue was improper; the motion was treated as one to transfer, and the action was transferred to Mitchell County Superior Court. The Mitchell County Superior Court granted Dr. Hendi's motion for summary judgment, and Clements appeals.

1. Appellant contends the Irwin County Superior Court erred by transferring the case to Mitchell County. Appellant argues that venue is a question of fact for a jury, and therefore should not have been determined by the court as a matter of law. The record reveals that at a preliminary hearing pursuant to OCGA § 9-11-12 (d), the trial court, in its capacity as trier of fact, found appellee was a resident of Mitchell County at the time of service. The record further shows no

demand for jury trial was made, nor was there objection to the judge trying the issue without a jury. The trial judge was therefore authorized to determine the question of jurisdiction without a jury. *Hatcher v. Hatcher*, 229 Ga. 249, 251 (190 SE2d 533) (1972).

2. Appellant contends the trial court erred by granting summary judgment to appellee because there exists a genuine issue of fact whether appellee abandoned appellant. We agree with appellee, however, that even assuming appellee's conduct amounted to abandonment, as a matter of law appellant could not recover because she has shown no injury. "It is well settled as a general rule that before an action for a tort will lie, there must be an injury accompanying such tort." *Carroll v. Griffin*, 96 Ga. App. 826, 828-9 (101 SE2d 764) (1958). See OCGA § 51-1-8. Appellant argues that the bare allegation in her complaint that she has suffered $1,000 in actual damages is sufficient. This argument is unpersuasive. First, the complaint is not evidence and thus may not be considered in deciding a motion for summary judgment. OCGA § 9-11-56 (e). In addition, appellant admitted in her deposition testimony that she suffered no actual damages and this evidence was uncontroverted. Thus, "since the essential tort element of injury was lacking, [appellee was] entitled to summary judgment in [his] favor on the issue of abandonment." *Meeks v. Coan*, 165 Ga. App. 731, 734 (2) (302 SE2d 418) (1983).

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in Division 2. I concur in Division 1 because I believe it is correct although the citation applies the provision of a divorce statute, which is not involved here. See OCGA §§ 9-11-12 (d) and 9-11-43 (b); *Ga. Power Co. v. Harrison*, 253 Ga. 212 (2) (318 SE2d 306) (1984); *Montgomery v. USS Agri-Chem. Div.*, 155 Ga. App. 189 (1) (270 SE2d 362) (1980); *Daughtry v. Chaney-Bush Irrigation*, 166 Ga. App. 708 (1) (305 SE2d 439) (1983).

DECIDED MARCH 11, 1987.

*Ben B. Mills, Jr.*, for appellant.
*Hoyt H. Whelchel, Jr.*, for appellee.