### 73730. PARTEN v. SWAN.
(358 SE2d 906)

BENHAM, Judge.

This is an appeal from the grant of summary judgment to appellee in appellant's legal malpractice action. Appellant retained appellee to represent him in a suit initiated by a petition for a writ of posses-

sion of a piece of farm equipment which was collateral for a note. Appellee filed a timely answer and entered into settlement negotiations. When those negotiations broke down, appellant was deposed by the plaintiff in that action. Appellant testified during the deposition that he owed the plaintiff $40,601.08. The plaintiff subsequently amended its suit to seek a money judgment in the amount of the indebtedness admitted by appellant, and then filed a motion for summary judgment. Appellee did not respond to the motion, and judgment was entered against appellant in the amount he had admitted owing. Appellant subsequently sued appellee for legal malpractice. In support of a motion for summary judgment in that malpractice action, appellee averred in an affidavit that appellant had had no defenses to the suit, that he had told appellant that there were no defenses unless appellant could provide some factual basis for raising a defense, and that he did not oppose the motion for summary judgment because there was no defense which he could raise in good faith. Appellant filed several affidavits in opposition to appellee's motion for summary judgment, only one of which affidavits was sufficiently detailed to meet the requirement of setting out the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice. See *Beauchamp v. Wallace*, 180 Ga. App. 554 (349 SE2d 791) (1986). Our review of that detailed affidavit reveals only one issue of arguable merit raised thereby. The other issues raised either concerned the repossession and sale of the farm equipment involved, events which occurred some months after the alleged malpractice, or suggested the possibility of unspecified or legally insupportable defenses. The issue of arguable merit concerns the amount of appellant's liability to the plaintiff in the first suit. It is apparent from the record that the amount of appellant's actual indebtedness was less than that to which he admitted on deposition. However, the record before the trial court included an affidavit from the plaintiff's attorney in which he averred that the plaintiff credited appellant with the proceeds of the sale of the equipment and subtracted those proceeds from an indebtedness of $34,198.44, the amount for which appellant was actually liable to the plaintiff. It thus appears that if appellee was negligent in failing to raise the discrepancy between the amount appellant admitted owing and the amount he actually owed, it has resulted in no harm to appellant because the creditor has recognized in a solemn admission in judicio that the amount of the judgment now claimed by the creditor is based on the amount of appellant's actual indebtedness, not the amount appellant mistakenly admitted was owing.

Since one of the necessary elements in a suit for legal malpractice is proof that the attorney's negligence proximately caused the client's damages, and appellee has negated that element, the grant of sum-

mary judgment was correct. *Rogers v. Norvell*, 174 Ga. App. 453 (2) (330 SE2d 392) (1985).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 18, 1987.

*J. Laddie Boatright*, for appellant.
Ronald E. Parten, *pro se.*
*John S. Sims, Jr., Daniel Reinhardt, Douglas D. Salyers*, for appellee.