### 74543. WHITEHEAD et al. v. CUFFIE.
### 74777. WARD v. CUFFIE.
(364 SE2d 87)

SOGNIER, Judge.

Hazel Whitehead, Lucinda Amos, and William LeFlore brought a legal malpractice action against their former attorney, Thomas Cuffie. Upon LeFlore's death, Horace Ward, as executor of the estate, was substituted as party plaintiff. Summary judgment in favor of Cuffie was granted by the trial court in two separate orders. This opinion consolidates both appeals.

After a fire caused by the negligence of Atlas Turnkey Company damaged the homes of the three original plaintiffs in April 1982, they engaged appellee to present their claims to the tortfeasor's insurance carrier. Although the evidence is controverted as to what representations were made by appellee or what settlement matters were handled by appellee, it is uncontroverted that as of January 1986, when appellants discharged appellee, no agreement had been reached with the tortfeasor's insurance carrier in regard to appellants' losses. The attorney subsequently engaged by appellants settled their losses within weeks before the expiration of the applicable statute of limitations period for sums within the tortfeasor's policy limits. Appellants then brought suit against appellee alleging that because of his wilful and intentional conduct, they were damaged by the delay they experienced in the receipt of settlement sums for their losses, that they suffered mental and emotional stress due to appellee's neglect of their affairs and that they were forced to accept a lesser settlement sum to avoid litigation costs. Appellant LeFlore additionally asserted that he was damaged by appellee's failure to pursue a claim against LeFlore's own insurance company. All appellants sought actual and punitive damages based on the bad faith and wilfulness of appellee.

1. We agree with appellants that to say the least, a question of fact exists whether the general release they signed in favor of the tortfeasor's insurance carrier discharged appellee as well. *Posey v. Medical Center-West*, 257 Ga. 55 (354 SE2d 417) (1987).

2. Appellants contend the trial court erred by granting summary

judgment to appellee on the alternate ground that appellants sustained no damages proximately flowing from appellee's conduct. We disagree with appellants that the delay in their receipt of settlement sums from the tortfeasor's insurance carriers (or, in appellant LeFlore's case, the failure to receive any sums from his own insurance carrier) constituted damages to them. Although this court has recognized damages for "loss of use of money," *Leon Jones Feed &c. v. Gen. Business Svcs.*, 175 Ga. App. 569, 570 (333 SE2d 861) (1985), that case involved money originally held by plaintiff who lost the use of that money by unnecessarily paying it out on the incorrect advice of defendant. In the case sub judice, there is no evidence indicating that the insurance carriers would have produced settlement sums at an earlier time had appellee pursued appellants' claims to their satisfaction. In view of the complete absence of such evidence, a claim that appellants "lost the use" of their personal funds by repairing their damaged properties prior to the receipt of the settlement sums must fail.

We find speculative and conjectural appellants' claims for damages based on their feelings that they were pressured into a hasty settlement of their claims. The record reflects an absence of any evidence other than appellants' "feelings" to show an earlier settlement would have resulted in a larger settlement sum. The evidence is thus uncontroverted that in this regard, appellants suffered no loss when they voluntarily settled with the tortfeasor's insurance carrier within the policy limits prior to the expiration of the statute of limitations.

"A professional malpractice action is merely a professional negligence action . . . ." *Candler Gen. Hosp. v. McNorrill*, 182 Ga. App. 107, 110 (354 SE2d 872) (1987). "To state a cause of action for negligence in Georgia, the following elements are essential: '(1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.' [Cit.]" *Bradley Center v. Wessner*, 250 Ga. 199, 200 (296 SE2d 693) (1982). In particular, this court has held that in a suit for legal malpractice, proof that the attorney's negligence proximately caused the client's harm is necessary for recovery. *Rogers v. Norvell*, 174 Ga. App. 453, 457 (2) (330 SE2d 392) (1985); *Parten v. Swan*, 183 Ga. App. 364, 365 (358 SE2d 906) (1987). We do not agree with appellants that a cause of action for legal malpractice can be maintained where there is no evidence that the breach of the professional duty proximately caused any harm to the client. Id. Nor do we agree with appellants that *Jankowski v. Taylor, Bishop & Lee*, 246 Ga. 804, 806 (1) (273 SE2d 16) (1980) and *Spence v. Hilliard*, 181

Ga. App. 767 (353 SE2d 634) (1987) support their argument. It is well-established Georgia law that before an action for a tort will lie, the plaintiff must show he sustained injury or damage as a result of the negligent act or omission to act in some duty owed to him. OCGA § 51-1-8; *Black v. New Holland Baptist Church*, 122 Ga. App. 606, 609 (2) (178 SE2d 571) (1970); *Clements v. Hendi*, 182 Ga. App. 118, 119 (2) (354 SE2d 700) (1987). Although nominal damages can be awarded where there has been an injury but the injury is small, OCGA § 51-12-4, where there is no evidence of injury accompanying the tort, an essential element of the tort is lacking, thereby entitling the defendant to judgment in his favor. See *Meeks v. Coan*, 165 Ga. App. 731, 733-734 (2) (302 SE2d 418) (1983). We do not read *Jankowski*, supra, as eliminating from a cause of action for malpractice the necessity that the breach of the professional's duty to conform to a certain standard of conduct gives rise, by means of a legally attributable causal connection, to a resulting injury, loss or damage flowing to the plaintiff's legally protected interest. See generally *Bradley Center*, supra. Rather, *Jankowski* recognizes that where a valid cause of action for malpractice exists, with all elements for such an action present, then the statute of limitations for such a cause of action arises as of the time of the breach of the duty because nominal damages "*may* be recovered" at that time. *Jankowski*, supra at 806 (1). It stands to reason that if there is no harm resulting from the breach of duty, then no cause of action exists to be the subject of a lawsuit and questions regarding the statute of limitations are rendered moot thereby. Thus, we find no conflict between *Jankowski* and the line of cases following it, see *Spence*, supra, and the line of cases following *Rogers*, supra, see *Parten*, supra.

This discussion is not dispositive of the issue, however, since appellants also allege appellee wilfully and intentionally acted to mislead and deceive them, which acts caused appellants mental and emotional stress. To state a cause of action for emotional distress in the absence of physical injury, no actual damages need be shown where wilful, wanton, voluntary or intentional misconduct is alleged. *Hamilton v. Powell, Goldstein, Frazer &c.*, 252 Ga. 149, 150 (311 SE2d 818) (1984). The record in this case presents conflicting evidence whether appellee's conduct regarding appellants' affairs was the unintentional result of partner and business address changes, as asserted by appellee, or the result of wilful disregard for appellants' affairs.

Thus, insofar as the allegations regarding appellee's intentional misconduct are concerned, questions of fact remain for jury determination and the trial court erred by granting summary judgment in favor of appellee on this matter.

*Judgments affirmed in part and reversed in part. Birdsong, C. J., Banke, P. J., Carley, and Benham, JJ., concur. Deen, P. J.,*

*McMurray, P. J., Pope, and Beasley, JJ., dissent.*

McMURRAY, Presiding Judge, dissenting.

Nominal damages are recoverable in a legal malpractice action provided plaintiff carries the burden of proving that he or she was wronged. Thus, a cause of action for legal malpractice can be maintained whether or not actual damages are proven and submitted to the jury on the issue of nominal damages. *Spence v. Hilliard*, 181 Ga. App. 767, 768 (353 SE2d 634). While the majority would distinguish *Spence* and other cases predicated upon *Jankowski v. Taylor, Bishop & Lee*, 246 Ga. 804, 806 (1) (273 SE2d 16), so as not to require an application of the rules stated therein to the case sub judice, I do not agree and therefore respectfully dissent.

Rather than distinguishing *Spence v. Hilliard*, 181 Ga. App. 767, supra, I would distinguish the authority cited by the majority for the proposition that nominal damages are not recoverable in the case sub judice. While *Spence* may reflect peculiar eccentricities of the law in Georgia regarding the award of nominal damages, it faithfully follows many cases which preceded it. On the other hand, *Rogers v. Norvell*, 174 Ga. App. 453, 457 (2) (330 SE2d 392), cited by the majority for the proposition that in a legal malpractice action proof that the attorney's negligence proximately caused the client harm is necessary for recovery is a two-judge case of this court and is not binding authority. *Parten v. Swan*, 183 Ga. App. 364, 365 (358 SE2d 906), adopts the position of the *Rogers* case without any mention of, and thus apparently overlooking, the decision in *Spence v. Hilliard*, 181 Ga. App. 767, supra.

Additionally, in my view *Black v. New Holland Baptist Church*, 122 Ga. App. 606, 609 (1) (178 SE2d 571), cited by the majority, does not stand for the proposition for which it is cited. The majority opinion cites this case for the proposition that "the plaintiff must show he sustained injury or damages as a result of the negligent act or omission to act in some duty owed to him." In *Black* the plaintiff was injured when a rotten step broke and there is no question arising from an absence of a showing of injury in that case.

The majority's reliance upon *Clements v. Hendi*, 182 Ga. App. 118, 119 (2) (354 SE2d 700), and *Meeks v. Coan*, 165 Ga. App. 731, 733-734 (2) (302 SE2d 418), is also misplaced. Both of these cases are the progeny of *Carroll v. Griffin*, 96 Ga. App. 826, 828-829 (101 SE2d 764). *Carroll*, which some 30 years ago announced without any citation of authority a supposedly "well settled" general rule "that before an action for a tort will lie, there must be an injury accompanying such tort," has been cited in the interval for the proposition advocated by the majority only in the two cases cited by the majority. I suggest that *Carroll* which precedes notice pleading under the Civil

Practice Act is hardly authority in relation to the issue of nominal damages, which was not discussed in the case and may not have been pleaded. Moreover, *Carroll* clearly conflicts with the line of cases which led to *Spence* and *Jankowski*.

Indeed, the reasoning of the majority is broadly applicable to negligence cases in general and if adopted would radically alter Georgia law by terminating the award of nominal damages in negligence cases where damages are not proven. Therefore, I would reverse the grant of summary judgment to appellee in both cases.

I am authorized to state that Judge Pope joins in this dissent.

BEASLEY, Judge, dissenting.

I agree with the dissent of my brother Presiding Judge McMurray. We followed the *Jankowski v. Taylor, Bishop & Lee*, 246 Ga. 804, 806 (273 SE2d 16) (1980) holding that nominal damages were sufficient to create a cause of legal malpractice in *Kirby v. Chester*, 174 Ga. App. 881, 882 (1) (331 SE2d 915) (1985).

Moreover, the complaint here alleges negligence arising out of a breach of contract as well as fraud and intentional deception. It prays for "actual" damages of $5,000 and $6,000 but not in the sense that it limits recovery to special damages. Plaintiffs specifically allege injuries and damages which would be difficult to calculate the exact dollar equivalent of, such as loss of use of their money and property and loss of earlier and higher settlement, among other things. Therefore, even if only breach of contract were pursued, nominal damages could be awarded. OCGA § 13-6-6. As to the tort of negligence, where the injury is small, but legally cognizable, nominal damages are awardable. OCGA § 51-12-4. See generally Cobb & Eldridge, Ga. Law of Damages (2nd ed.), §§ 3-1 to 3-3; *Bradley v. Godwin*, 152 Ga. App. 782 (264 SE2d 262) (1979); *Miller & Meier & Assoc. v. Diedrich*, 174 Ga. App. 249, 252 (3) (329 SE2d 918) (1985); *Crites v. Delta Air Lines*, 177 Ga. App. 723, 726 (3) (341 SE2d 264) (1986).

There is some evidence by way of the affidavit of the insurer's agent that settlement for $17,000 and perhaps as high as $19,000 reserve limits could have been effected in June 1983. The settlement of $20,000 finally effected by new counsel in March 1986 thus constituted a delay of almost three years. Plaintiffs claim that the resulting loss of use of the funds during this period when they needed them to make the fire-damage repairs to their apartments constituted an economic loss because other monies had to be obtained and because even if they did not need these funds for the repairs, they lost the benefit of current use of the settlement funds during this period, which would have at least yielded interest. There is also evidence that the delay reduced the settlement or expected verdict value of their claims by the time of the March 1986 settlement just short of the statute of

limitations expiration, and that additional attorney fees were incurred. That may very well be, and plaintiffs should have an opportunity to prove such injuries and damages at trial, defendant not having negated the claim by dispositive evidence. We recognized "loss of use of money" as a cognizable damage in *Leon Jones Feed &c. v. Ga. Business Svcs.*, 175 Ga. App. 569, 570 (333 SE2d 861) (1985).

I am authorized to state that Judge Pope joins in this dissent.

DECIDED DECEMBER 3, 1987 —
REHEARING DENIED DECEMBER 17, 1987 —

*Carol A. Levine*, for appellants.
*James Booker, Johnnie Story*, for appellee.