A89A0376. ECHOLS v. CLARK.
(382 SE2d 646)

SOGNIER, Judge.

Mary Jane Echols brought suit against Charles E. Clark, an attorney, alleging professional malpractice in his handling of her claim for recovery of insurance benefits. The trial court denied Echols' mo-

tion for partial summary judgment as to liability and granted Clark's motion for summary judgment, and Echols appeals.

The record reveals that appellant was a named insured on an automobile liability insurance policy issued to her husband by Sentry Insurance Company in 1974, prior to the effective date of the Georgia Motor Vehicle Accident Reparations Act (Ga. L. 1974, p. 113). The policy provided for basic personal injury protection (PIP) coverage of $5,000 plus $3,000 in medical expense coverage. Linda Gardner, a Sentry claims unit manager, testified by affidavit that on or before January 1, 1975, Sentry sent notices by first class mail to all policyholders at their policy addresses informing them of the new PIP coverage options and including a return form that allowed the policyholders to accept or reject the proffered coverage. Gardner averred that a second such notice, identical to the first, was sent in late January 1975, and that a thorough search of Sentry's records failed to uncover any evidence that appellant or her husband returned a notice form at any time after the 1975 mailings.

Appellant was injured in an automobile accident on April 9, 1977. She received an uninsured motorist coverage settlement from Sentry and signed a release, but then hired appellee to file suit on the policy to recover increased optional PIP benefits. Appellee filed the action against Sentry on June 15, 1983, and this court held that the claim was barred for failure to file within the six-year limitation period. *Sentry Ins. v. Echols*, 174 Ga. App. 541 (330 SE2d 725) (1985). Appellant then filed the instant action.

Appellant contends the trial court erred by denying her motion for partial summary judgment as to liability and granting appellee's summary judgment motion because material questions of fact remain regarding whether appellant would have prevailed on her claim against Sentry, and thus the issue of whether appellee's negligence proximately caused appellant's alleged damages should be decided by a jury. We do not agree.

A necessary element for recovery in an action for legal malpractice is proof that the attorney's negligence proximately caused the client's damages. *Parten v. Swan*, 183 Ga. App. 364, 365 (358 SE2d 906) (1987). Thus, the case at bar is viable only if appellant had a meritorious claim against Sentry that was compromised by appellee's negligence. There is no dispute that appellant's claim against Sentry depended on her entitlement to increased optional no-fault PIP benefits offered to Sentry policyholders who were insured prior to March 1, 1975. At the time pertinent to this action, OCGA § 33-34-5 (c) provided that "[o]n and after March 1, 1975, all named insureds in existing motor vehicle liability policies who have not previously responded to an offer to accept or reject the optional coverages required to be offered by [the Georgia Motor Vehicle Accident Reparations

Act] shall be given an opportunity to accept or reject, in writing, the optional coverages required to be offered under this Code section; provided, however, that the failure of an insured to notify his insurer of his written acceptance or rejection within 30 days after written notice of the offer has been mailed by the insurer, postage prepaid, by first class mail to the address stated in the policy shall constitute a rejection of the optional coverage." To constitute effective notice under this statute, the mailing sent by the insurance company "must include a document containing (1) written information clearly stating the optional no-fault PIP coverage . . . and (2) a means for the insured to make a written acceptance or rejection of each." *Wiard v. Phoenix Ins. Co.*, 251 Ga. 698, 700 (310 SE2d 221) (1983).

Construing the evidence in favor of appellant as respondent on appellee's motion for summary judgment, we find the trial court correctly concluded that appellant would not have prevailed in her suit against Sentry, as the record shows the documents mailed by Sentry complied with the statutory notice requirements, see *Stafford v. Allstate Ins. Co.*, 252 Ga. 38-39 (1) (311 SE2d 437) (1984), and proof of actual receipt by the insured is not required. Id. at 39. Contrary to appellant's assertion, there is no requirement that the notice be mailed *after* March 1, 1975. *Wiard v. Phoenix Ins. Co.*, 166 Ga. App. 47, 50 (3) (303 SE2d 161) (1983), rev'd on other grounds, 251 Ga. at 700-701. Because there is no evidence appellant returned the form, appellant is considered to have rejected the optional increased PIP coverage, and therefore was not entitled to recover from Sentry. OCGA § 33-34-5 (c); see *Stafford*, supra at 38-39 (1). "It thus appears that if appellee was negligent in failing to [file the action against Sentry before the expiration of the statute of limitation], it has resulted in no harm to appellant because [the undisputed facts show appellant was not entitled to recover on her claim against Sentry for increased PIP benefits as a matter of law]. Since one of the necessary elements in a suit for legal malpractice is proof that the attorney's negligence proximately caused the client's damages, and appellee has negated that element, the grant of summary judgment was correct. [Cit.]" *Parten*, supra at 365-366. Similarly, denial of appellant's motion for partial summary judgment was proper, as she was not entitled to judgment on the issue of liability as a matter of law. See generally *Sasser v. Mixon Contracting*, 181 Ga. App. 710, 712-713 (1) (353 SE2d 525) (1987).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 9, 1989 —
REHEARING DENIED MAY 17, 1989 —

*E. Graydon Shuford & Associates, E. Graydon Shuford, George*

*P. Graves*, for appellant.

*Freeman & Hawkins, H. Lane Young II, Thomas F. Wamsley, Jr.*, for appellee.