### A91A0160. NIX v. CREWS et al.
(406 SE2d 566)

BEASLEY, Judge.

Plaintiff Greenie Nix appeals the grant of summary judgment in favor of defendants Burton Crews, his law firm partners, and their firm (collectively Crews). Nix had sued Crews for legal malpractice arising from the following alleged facts. Nix had borrowed $11,000 from Fulton Federal Savings & Loan, the loan being secured by a deed to certain property. During the course of her dealings with Fulton Federal she made payments in excess of the money actually owed, due to Fulton Federal's demands based on faulty records. As a result she employed Crews to sue for recovery of over $5,000 in over-payments and for other relief. Crews failed to carry out the necessary pre-trial preparation, including discovery, and when the case was called for trial Crews settled all of Nix' claims for $1,000. This was contrary to his client's express instructions that she wanted a jury trial and in violation of the attorney-client agreement that no settlement should be entered into without written consent.

From the record it appears that Nix discharged Crews and engaged new counsel the next day. Afterwards, Fulton Federal moved to enforce settlement which was heard ten days after the scheduled trial date. Neither Nix nor her newly employed attorney appeared for the hearing. The trial court granted Fulton Federal's motion without elaboration.

1. Crews contends that, even if he were negligent in any way, his negligence was not the proximate cause of injury to Nix because the failure to contest the motion to enforce settlement resulted in the settlement being established as a matter of law. Crews urges that if Nix had opposed the motion the court may have ruled the settlement was unenforceable and thus Nix would have suffered no injury, exonerating Crews.

A legally attributable causal connection between conduct and re-

sulting damages is one of the three essential elements (besides at least nominal damages, see *Jankowski v. Taylor, Bishop & Lee*, 246 Ga. 804, 806 (1) (273 SE2d 16) (1980)) for establishing professional malpractice. *Rogers v. Norvell*, 174 Ga. App. 453, 457 (2) (330 SE2d 392) (1985) (originally physical precedent but subsequently approved in *Guillebeau v. Jenkins*, 182 Ga. App. 225, 229 (1) (355 SE2d 453) (1987); *Parten v. Swan*, 183 Ga. App. 364, 365 (358 SE2d 906) (1987); *Whitehead v. Cuffie*, 185 Ga. App. 351, 352 (2) (364 SE2d 87) (1987)). See *Republic Mtg. Corp. v. Beasley*, 117 Ga. App. 303, 307 (3) (160 SE2d 429) (1968). However, on motion for summary judgment the proof must be construed most favorably to the party opposing the motion, who is to be given the benefit of all reasonable doubts and all reasonable inferences. *Malcom v. Malcolm*, 112 Ga. App. 151, 154 (1) (144 SE2d 188) (1965). The defendant-movant must produce evidence which conclusively shows there is no genuine issue of material fact as to at least one of the elements of each theory of recovery fairly drawn from the pleadings and evidence. This is true regardless of which party would have the trial burden, and even if movant is thereby required to show the existence or non-existence of facts. *Parson v. Central of Ga. R. Co.*, 129 Ga. App. 218, 219 (1) (199 SE2d 396) (1973).

The record is bare of facts which would show that Nix could have prevailed if she had appeared and defended against Fulton Federal's motion to enforce settlement. Normally, a settlement entered into by an attorney with apparent authority is binding on the client. OCGA § 15-19-5; *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674, 675 (2) (308 SE2d 544) (1983). See *Vandiver v. McFarland*, 179 Ga. App. 411, 412 (346 SE2d 854) (1986). We cannot assume that Nix had grounds to circumvent that general proposition. See *Brumbelow*, supra; *Wilson v. Anderson*, 194 Ga. App. 167 (390 SE2d 86) (1990). Because the burden was on Crews to affirmatively establish that his negligence was not the proximate cause of Nix's injuries, he had to show as a matter of law that Nix could have abrogated the settlement if she had appeared. He failed to do so, and thus this ground furnishes no basis for sustaining defendant's motion.

2. The second question is whether Nix could have recovered on the merits of her claim against Fulton Federal. "[A] claim for legal malpractice is sui generis insofar as the plaintiff's proof of damages effectively requires proof that he would have prevailed in the original litigation." *McDow v. Dixon*, 138 Ga. App. 338 (226 SE2d 145) (1976). See *Ware v. Durham*, 246 Ga. 84 (268 SE2d 668) (1980). Again, the burden rests on Crews to demonstrate as a matter of law that Nix could not have recovered any amount in excess of the $1,000 that was accepted in settlement.

This fails despite his argument that Nix made voluntary payments which are unrecoverable under OCGA § 13-1-13. Construing

that section, our Supreme Court held in *Gulf Life Ins. Co. v. Folsom*, 256 Ga. 400, 406 (349 SE2d 368) (1986): "In an action for money had and received, the plaintiff generally can recover a payment mistakenly made when that mistake was caused by his lack of diligence or his negligence in ascertaining the true facts and the other party would not be prejudiced by refunding the payment — subject to a weighing of the equities between the parties by the trier of fact." The circumstances under which Nix made the payments and eventually paid off the note do not fill the hole with respect to the jury question which the Supreme Court recognized in *Folsom* had been filled. See *Landers v. Heritage Bank*, 188 Ga. App. 785, 787 (374 SE2d 353) (1988); *Graham v. Hogan*, 185 Ga. App. 842 (1) (366 SE2d 219) (1988).

Since genuine issues of material fact remain for a jury, summary judgment was not authorized.

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 18, 1991.

Alan I. Begner, Russell G. Burnett, for appellant.

Freeman & Hawkins, Jack N. Sibley, Carey E. Fox, for appellees.