A91A1691. MAULDIN v. WEINSTOCK.
(411 SE2d 370)

BIRDSONG, Presiding Judge.

Appellant Stephen Mauldin filed suit against appellee Michael Weinstock for legal malpractice. The trial court granted appellee/defendant's motion for summary judgment and appellant is appealing

from this order.

Appellant's employment, as a ramp serviceman, with Eastern Air Lines (Eastern) was terminated after certain bags were not delivered to an aircraft on December 25, 1985. Appellant received a mailgram from Eastern, dated December 27, 1985, during the late evening of December 28, 1985, which purported to discharge him and to terminate his employment *immediately*; on December 31, 1985, he received another discharge notification, by certified mail and dated December 27, 1985, restating the fact of his termination of employment. This second correspondence virtually mirrored the contents of the original mailgram, and also purported to discharge appellant and terminate his employment *immediately*. The copy of the mailgram contained in the trial record does not reflect on its face that a copy was delivered to the union; the certified mail correspondence in this record does reflect receipt of a copy by the union on January 6, 1986. Agreement provisions require that "this notice shall be presented to such employee, *with copy*" of the written notice of discharge to a stated union official within five working days of the incident. (Emphasis supplied.)

Under applicable agreement provisions, a discharge becomes final, unless a timely appeal is taken therefrom; and such an appeal is *postmarked* within seven days of the date of *receipt* by the employee of the discharge notice. However, once timely appeal is taken a union member, such as appellant, enjoys the right of a de novo arbitration hearing of his discharge.

In the early evening of Friday, January 3, 1986, after the post office was closed, appellant signed the necessary appeal document at the office of appellee, and apparently reminded appellee that the appeal must be mailed before the deadline date. The envelope in which appellee's agents mailed the document bears an official postmark of January 7, 1986, and a partially obliterated postage meter stamp date of perhaps January 3, 5, or 6.

Pursuant to the labor agreement, the administrative board, the System Board of Adjustment, was vested with "jurisdiction over disputes between any employee covered by this agreement and the company growing out of grievances or out of interpretation or application of *any of the terms* of this agreement." (Emphasis supplied.) Article 19 D, Agreement Between Eastern Air Lines, Inc. and The International Association of Machinists and Aerospace Workers. However, Eastern concluded that the appeal for investigation was not timely and refused to participate in the subsequent administrative board proceeding to adjust and decide disputes under the agreement. Consequently, the board adjourned without making an adjudication of either the merits of the appeal or the issue of timeliness of the "appeal for investigation."

Following the appeal, appellee advised appellant to initiate suit

to compel Eastern to arbitrate the discharge action. Although the reason for refusal to bring suit against Eastern is contested (appellant claiming that refusal was motivated by his inability to pay appellee's fee; appellee claiming that refusal was motivated by appellant's then working in construction for more money and not desiring to become re-employed with Eastern), it is uncontested that in fact appellant did not authorize appellee to initiate such a suit. Neither does the record reveal that appellant retained anyone else prior to this proceeding to sue Eastern to compel arbitration of the discharge decision. *Held:*

1. Appellee's brief reflects a notation that three unopened depositions, including that of appellant Mauldin, have been transmitted for this court's consideration. Contrary to this assertion, we find the deposition of appellant Mauldin was opened before it was transmitted to this court, and the order of the trial court granting summary judgment to appellee, upon reconsideration, reflects on its face the trial court considered certain testimony in this deposition. Further, the original order of the trial court in which appellee's motion for summary judgment was denied commences "upon full consideration of the record. . . ." Thus, this court can consider the depositions in question, particularly that of appellant, "to determine whether there remains an issue of material fact for determination below." *Bishop v. Mangal Bhai Enterprises*, 194 Ga. App. 874 (1) (392 SE2d 535); compare *Dunlap v. First Rock Credit Corp.*, 194 Ga. App. 563, 564 (1) (390 SE2d 919).

2. Appellant's assertion that the trial court failed to make the *factual* distinction between the contractual grievance procedures and a separate federal lawsuit to compel arbitration is without merit. Review of the record fails to support this assertion. Appellant attempts to show the court's alleged *factual* confusion by highlighting the court's reference to the failure to file an appeal, and arguing that there is no evidence or contention that appellant prevented appellee in any way from timely filing his "appeal for investigation" to the administrative board. The order of the trial court granting summary judgment when reviewed in its entirety reveals the court correctly identified and distinguished the alleged untimely administrative "appeal" procedure from that of any independent court action that would have had to be initiated subsequently to compel Eastern to arbitrate the discharge issue. In fact, the references to "appeal" on the second page of the court's order unequivocally refer to what the court loosely labeled as "an appeal to the court in order to compel Eastern to arbitrate the matter," that is, an independent court action to compel Eastern to arbitrate the issue before the administrative board. " ' "The burden is upon the party alleging error to show it affirmatively by the record." ' " *Armech Svc. Co. v. Rose Elec. Co.*, 192 Ga.

App. 829, 830 (1) (386 SE2d 709). While we do not condone the relatively undisciplined usage of the term "appeal" by the trial court, appellant has failed to show that his second enumeration of error is meritorious.

Further, for reasons stated in Division 4 below, the trial court did not commit reversible error in concluding that appellant was precluded from prosecuting his suit for legal malpractice on the basis of "waiver." In any event, we will not reverse the correct ruling of a trial court regardless of the reason given therefor. *National Consultants v. Burt*, 186 Ga. App. 27, 33 (2) (366 SE2d 344); *Reese Realty Co. v. Pal Realty Co.*, 182 Ga. App. 215 (355 SE2d 125).

3. Appellant asserts the trial court erred in finding that appellant/plaintiff was estopped due to the proceedings before Eastern's System Board of Adjustment. In his brief appellant clarifies and limits this enumeration to the issue of "collateral estoppel." See generally Court of Appeals Rule 15 (c) (2). Our examination of the order of the trial court granting summary judgment fails to reveal any finding of "collateral estoppel." Moreover, appellant fails to cite any page in the record where a finding of "collateral estoppel" was expressly made by the trial court. It is not the function of an appellate court to cull the record on behalf of a party in search of instances of error. *Manderson & Assoc. v. Gore*, 193 Ga. App. 723, 733 (8) (389 SE2d 251), citing *Armech Svc. Co. v. Rose Elec. Co.*, supra.

4. Appellant asserts the trial court erred in holding that the malpractice claim was barred due to appellant's failure to authorize appellee to bring an action to compel arbitration by Eastern.

Appellant's reliance on *Jankowski v. Taylor, Bishop & Lee*, 246 Ga. 804 (273 SE2d 16) (holding that the failure to correct a prior wrongful act of legal malpractice does not constitute a separate breach for which the client has a cause of action and that in legal malpractice cases a right of action arises immediately upon the wrongful act having been committed) and *Leon Jones Feed &c. v. General Business Svcs.*, 175 Ga. App. 569 (333 SE2d 861) (holding the principles of *Jankowski* controlling in a case alleging negligence in the performance of financial and tax advice services) is misplaced as these cases are factually distinguishable from the case at bar, and are not controlling as to the particular issue before us. For example, "[w]e do not read *Jankowski*, supra [or its progeny], as eliminating from a cause of action for [professional] malpractice the necessity that the breach of the professional's duty to conform to a certain standard of conduct gives rise, by means of a legally attributable causal connection, to a resulting injury, loss or damage flowing to the plaintiff's legally protected interest." *Whitehead v. Cuffie*, 185 Ga. App. 351, 353 (2) (364 SE2d 87) (whole court case). In the case at bar it has never been established, by either judicial proceedings or the adminis-

trative board, that appellee/defendant has filed a late "appeal for investigation"; and the trial court correctly concluded that "the question of whether Eastern's decision was legally correct was never answered."

" '(I)t is the general rule in the majority of states that in a legal malpractice action, the client has the burden of establishing three elements: (1) employment of the defendant attorney, (2) failure of the attorney to exercise ordinary care, skill and diligence, and (3) that such negligence was the proximate cause of damage to the plaintiff. (Cits.)' *Rogers v. Norvell*, 174 Ga. App. 453, 457 (330 SE2d 392)." *Guillebeau v. Jenkins*, 182 Ga. App. 225, 229 (1) (355 SE2d 453). Rather, we find persuasive our holding in *Rogers v. Norvel*, 174 Ga. App. 453, 457-458 (330 SE2d 392) (originally physical precedent but cited with approval in *Nix v. Crews*, 200 Ga. App. 58, 59 (1) (406 SE2d 566); approved in *Whitehead*, supra; *Guillebeau v. Jenkins*, supra; and followed in *Parten v. Swan*, 183 Ga. App. 364, 366 (358 SE2d 906)) that "the alleged negligence of the attorney must be the proximate cause of the damage to the client." Thus, "[w]here [as in this case] the [viable] underlying action remains pending, plaintiff can prove no [such] injury because the action may terminate favorably for the client." Compare *Whitehead*, supra at 351 (2). The trial court's judgment was correct, and a judgment right for any reason must be affirmed. *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673).

Moreover in this case, although the motive for the action may be contested, it is uncontroverted that appellant did not authorize appellee (or any of his other lawyers) to commence an independent suit to compel Eastern to arbitrate the issue at the administrative board, or to otherwise challenge Eastern's contention that a late filing had occurred. "Since one of the necessary elements in a suit for legal malpractice is proof that the attorney's negligence proximately caused the client's damages, *and appell[ant] has negated that element* [by his election not to pursue independent judicial action against Eastern to resolve the issue of untimely filing of the 'appeal for investigation'], the grant of summary judgment was correct." (Emphasis supplied.) *Parten v. Swan*, supra at 365-366.

We recognize that in *Nix v. Crews*, supra at 59, a panel of this court reversed a grant of summary judgment in favor of appellee attorney in a legal malpractice suit, holding: "Because the burden was on [appellee attorney] to affirmatively establish that his negligence was not the proximate cause of [appellant/former client's] injuries, he had to show as a matter of law that [appellant] could have abrogated the settlement if she had appeared [to contest the bank's motion to enforce settlement]. He failed to do so, and thus this ground furnishes no basis for sustaining defendant's motion [for summary judgment]." Id. The facts in *Nix* are distinguishable from the facts of the case at

bar and the facts in *Rogers*. In *Nix*, the court in essence held that the attorney failed to meet his burden of proving that the former client's actions had terminated a *viable* claim that the statement was invalid. In *Rogers*, however, we found that the attorney had met his burden of showing that his former client's actions prevented the adjudication of a *viable* claim. The record in this case establishes that neither notice of the mailgram nor the certified letter fully complied with the requirements of the Agreement; and, that if the certified letter controlled, the "appeal for investigation" would have been filed within the seven-day period. The record also shows that neither the timeliness of "appeal for investigation" issue nor the merits of appellant's claim was ever resolved either administratively or judicially, and as the administrative hearing was adjourned without resolving these issues, they remain "pending" administratively before the System Board of Adjustment. (In regard to the issue of validity of the mailgram, this issue was timely raised before the board, and the transcript of the board proceeding was incorporated in appellee/defendant's "Memorandum In Support of Motion for Summary Judgment.") Further, in effect, appellant has basically adopted, without contest, the adversarial opinion of his former employer that the notice filed in his behalf by appellee was untimely.

Additionally, we find the trial court correctly applied the rule of waiver by conduct. At the outset, we note that in *Nix* no question was presented as to the issue of the former client's waiver by conduct of his right to pursue prosecution of a legal malpractice claim grounded upon an alleged failure of his former attorney to file timely an "appeal for investigation"; this issue appears in this case. Thus, neither is *Nix* controlling as to the question of waiver. The record clearly reveals that appellant Mauldin, by his conduct, effectively precluded appellee Weinstock from timely litigating the issue of timeliness of the "appeal for investigation." Thus, appellant's conduct in effect prevented appellee Weinstock from judicially establishing that he had not filed an untimely administrative appeal. Moreover, examination of the record reveals this issue is genuine and not spurious. Several legitimate grounds existed for contesting the validity of Eastern's claim that the notice was late, including that the second notice superseded the first as a matter of law and that accordingly the seven-day notice period commenced from the date of the receipt of the second notice. While we do not resolve the legitimacy of these claims today, it is sufficient to conclude, as we do, that appellant's own conduct in refusing to authorize judicial litigation, regardless of the motive therefor, prevented it from being judicially established whether appellee's filing actions were untimely or whether they were timely and thus negligence free. In this regard the trial court expressly found that "the question of whether Eastern's decision was legally correct was

never answered."

The trial court found that appellant "has waived his right to complain of his former attorney's failure to timely file an appeal [for investigation]." And although it is an issue of first impression, we find that the trial court did not err in thus concluding that "we cannot now permit Mr. Mauldin to sue his former attorney for failure to timely file an appeal ['for investigation'] when he would not permit his attorney to pursue this course [by litigation] in the first instance."

"[A] waiver may be established even though the acts, conduct, or declarations are insufficient to establish an estoppel." 28 AmJur2d, Estoppel & Waiver, § 30. "Ordinarily, a waiver operates to preclude a subsequent assertion of the right waived *or any claim based thereon.* . . . And once a right is waived the waiver cannot be withdrawn without the consent of the other party, even if subsequent events prove the right waived to have been more valuable than was anticipated." (Emphasis supplied.) Id. at § 156. In certain situations, "the question whether waiver will be found in any particular case depends not upon the secret intention of the party against whom it is asserted, but upon the effect which his conduct has had upon the other party, [and] [i]f intention to waive is to be implied from conduct, the conduct should speak the intent clearly." Id. at § 158. A fine and often imperceptible line exists between an equitable estoppel and a waiver implied from conduct. Id. at § 30. And a showing of prejudice to the other party appears to be the central requirement of waiver implied from conduct. Id. In the case at bar, it is clear that appellant in fact intended, regardless of his actual motive therefor, not to authorize appellee to bring an independent suit to litigate the issue of untimely filing and to compel Eastern to arbitrate appellant's employment termination. It is also clear that regardless of appellant's actual intent to prejudice appellee's legal position his conduct in fact had that result. While normally the question of waiver is a matter for the jury, where, as here, the facts and circumstances essential to the waiver issue are clearly established waiver becomes a question of law. Id. at § 174; compare *Patel v. Gingrey Assoc.*, 196 Ga. App. 203, 206 (3) (395 SE2d 595) with *Kusuma v. Metamatrix, Inc.*, 191 Ga. App. 255, 257 (3) (381 SE2d 322).

We agree with the trial court that as a matter of law appellant waived by words and conduct his right to initiate an independent suit to contest the issue of timeliness of filing of the "appeal for investigation." By doing so, appellant also waived any claim *based on* this particular issue (28 AmJur2d, supra at § 156), which perforce includes waiver of this legal malpractice action which is based on the averred lack of timeliness of filing of the "appeal for investigation."

5. Appellant asserts that the trial court erred in granting summary judgment to appellee/defendant. In view of our holdings above,

considering all admissible evidence of record (OCGA § 9-55-56 (e)), and applying the appellate rules of summary judgment, which are operative when the movant/defendant's motion for summary judgment is granted (see generally, *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474); *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594 (370 SE2d 843)), we find that the trial court did not err in granting appellee/defendant's motion for summary judgment.

Appellant's remaining assertions in support of his enumerations of error are without merit.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED OCTOBER 15, 1991.

*Frank L. Derrickson*, for appellant.
*Mayer, Nations & Yates, J. Comer Yates, Weinstock & Scavo, Michael Weinstock, Hillard J. Quint*, for appellee.
*Michael Weinstock*, pro se.

